JASON D. SCHINDLER, APPELLANT, V. DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

593 N.W. 2d 295

Filed April 23, 1999.   No. S-98-121.

Rodney W. Smith, of The Law Offices of Rodney W. Smith, P.C., for appellant.

Don Stenberg, Attorney General, and Carla Heathershaw Risko for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Appellant, Jason D. Schindler, asks this court to determine that Neb. Rev. Stat. §§ 60-6,205 (Cum. Supp. 1996) and 60-6,206 to 60-6,208 (Reissue 1993), the administrative license revocation statutes, are unconstitutional because they violate equal protection and constitute cruel and unusual punishment.

Schindler was arrested and charged with driving under the influence of alcohol or drugs, a Class W misdemeanor. After his arrest, Schindler was read the postarrest chemical test advisement and asked to submit to a blood test for alcohol and a urine test for drugs. Schindler refused.

The Department of Motor Vehicles held an administrative proceeding and revoked Schindler's driving privileges. Schindler appealed the order of the department to the district court under the Administrative Procedure Act, asserting that the administrative license revocation statutes are unconstitutional in that they violate equal protection and constitute cruel and unusual punishment. The district court affirmed the department's order, specifically finding that the arrest was made with probable cause, that Schindler improperly refused to submit to a chemical test, and that the administrative license revocation statutes are not unconstitutional. We affirm.

## ASSIGNMENTS OF ERROR

Schindler asserts that the district court erred in (1) finding that the administrative license revocation statutes did not deny Schindler equal protection of the laws by (a) creating an under-inclusive class by excluding persons who drive under the influence of alcohol but are not required to submit to a chemical test, persons who drive under the influence of drugs, and persons who refuse to submit to a chemical test to determine the pres-

ence of drugs and (b) by creating an overinclusive class which includes persons who refuse to submit to a chemical test; (2) finding that the administrative license revocation statutes, which provide a 1-year suspension for refusal to submit to a chemical test, first offense, when a person who submits to a chemical test that reveals an alcohol level in excess of the statutory limit, first offense, is subject only to a 90-day suspension, did not deny Schindler equal protection of the laws; (3) finding that the denial of an employment driving permit authorized in § 60-6,206(2) to persons who refuse to submit to a chemical test was not a violation of the Equal Protection Clause; (4) finding that denial of the reinstatement procedures prescribed in § 60-6,206(4) to persons who refuse to submit to a chemical test was not a violation of the Equal Protection Clause; and (5) finding that the penalties provided by the administrative license revocation statutes which are applicable to a person who refuses to submit to a chemical test, first offense, are not so disproportionate to the offense as to constitute cruel and unusual punishment.

## SCOPE OF REVIEW

Decisions of the director of the Department of Motor Vehicles, pursuant to Nebraska's administrative revocation statutes, are appealed under the Administrative Procedure Act. *Kimball v. Nebraska Dept. of Motor Vehicles*, 255 Neb. 430, 586 N.W.2d 439 (1998); § 60-6,208. A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Id.*

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the court below. *Bauers v. City of Lincoln*, 255 Neb. 572, 586 N.W.2d 452 (1998). A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. *Andrews v. Schram*, 252 Neb. 298, 562 N.W.2d 50 (1997).

## ANALYSIS

### EQUAL PROTECTION

Schindler argues that the administrative license revocation statutes violated his right to equal protection. In discussing equal protection, we have stated:

> In any equal protection challenge to a statute, the degree of judicial scrutiny to which the statute is to be subjected may be dispositive. . . . If a legislative classification involves either a suspect class or a fundamental right, courts will analyze the statute with strict scrutiny. Under this test, strict congruence must exist between the classification and the statute's purpose. The end the legislature seeks to effectuate must be a compelling state interest, and the means employed in the statute must be such that no less restrictive alternative exists. On the other hand, if a statute involves economic or social legislation not implicating a fundamental right or suspect class, courts will ask only whether a rational relationship exists between a legitimate state interest and the statutory means selected by the legislature to accomplish that end. . . . Upon a showing that such a rational relationship exists, courts will uphold the legislation.

(Citations omitted.) *State v. Garber*, 249 Neb. 648, 652-53, 545 N.W.2d 75, 78-79 (1996).

This court has held that driving is not a fundamental right and that drunk drivers are not a suspect class. *State v. Michalski*, 221 Neb. 380, 377 N.W.2d 510 (1985). Accordingly, we examine the administrative license revocation statutes at issue herein, §§ 60-6,205 and 60-6,206 to 60-6,208, using the rational relationship standard of review. See *State v. Michalski, supra*.

Administrative license revocation serves legitimate state interests. See *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998). Thus, the question is whether a rational relationship exists between these legitimate state interests and the statutory means selected by the Legislature to accomplish that end—the administrative license revocation statutes.

In his second, third, and fourth assignments of error, Schindler argues that certain differences in treatment between

persons who refuse to submit to a chemical test and persons who submit to and fail the test violate equal protection. In *Howell*, we addressed these same differences, albeit in the double jeopardy context. We noted that in the context of failing a chemical test, the purpose of administrative license revocation is limited to protecting public health and safety. However, in the context of refusal to submit to a chemical test, administrative license revocation serves the additional purpose of facilitating the gathering of evidence. Accordingly, we held that the remedial scheme imposed upon those who refuse to submit to a chemical test, although harsher than that imposed on those who take and fail the test, is not excessive and is therefore rational in relation to its purpose.

In his first assignment of error, Schindler asserts that the administrative license revocation procedures violated his equal protection rights because they are both overinclusive and underinclusive.

Schindler asserts that the administrative license revocation scheme is overinclusive because it may sanction persons who refuse to submit to a chemical test but were not driving under the influence of alcohol. A similar argument was made in *State v. Howell, supra*, wherein we stated that the probable cause requirement "ensures that those who are asked to submit to a chemical test are only those persons who are likely to be under the influence and, thus, serves to protect public health and safety by removing the threat such persons pose." *Id.* at 255, 575 N.W.2d at 867.

Schindler asserts that the administrative license revocation scheme is underinclusive because it does not apply to those persons who drive under the influence of drugs or those who refuse to submit to a chemical test for drugs. Although such persons may present a hazard to other motorists, the Legislature could rationally have determined that the number of such persons on the roads is significantly less than the number of persons driving under the influence of alcohol and, thus, present a lesser hazard. The Equal Protection Clause does not require the Legislature to eliminate all evils in order to legislate against some. *U.S. v. McDougherty*, 920 F.2d 569 (9th Cir. 1990).

The rational basis standard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. *State v. Garber, supra,* quoting *Dandridge v. Williams,* 397 U.S. 471, 90 S. Ct. 1153, 25 L. Ed. 2d 491 (1970). We conclude that the administrative license revocation statutes bear a rational relationship to the legitimate state interests at stake.

Arguably, the State could serve these interests by enacting another revocation scheme. However, strict scrutiny does not apply in the instant case; the means employed by the State need not be the least restrictive. " ' "The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific." ' " *State v. Garber,* 249 Neb. 648, 653-54, 545 N.W.2d 75, 79 (1996), quoting *Dandridge v. Williams, supra.* Schindler's assignments of error concerning equal protection are without merit.

## CRUEL AND UNUSUAL PUNISHMENT

Finally, Schindler contends that the administrative license revocation scheme imposed on those who refuse to submit to a chemical test constitutes cruel and unusual punishment. However, it is axiomatic that the sanction at issue must be construed as punishment for the Eighth Amendment to be implicated. *U.S. v. Dubose,* 146 F.3d 1141 (9th Cir. 1998). Administrative license revocation imposed for refusing to submit to a chemical test does not constitute punishment. See *State v. Howell,* 254 Neb. 247, 575 N.W.2d 861 (1998). This assignment of error is without merit.

## CONCLUSION

The administrative license revocation statutes do not violate equal protection, nor do they constitute cruel and unusual punishment.

AFFIRMED.

GERRARD, J., concurs in this result.