MICHAEL D. MUIR, APPELLEE, V.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLANT.
618 N.W. 2d 444

Filed September 29, 2000.    No. S-99-672.

Don Stenberg, Attorney General, and Melanie J. Whittamore-Mantzios for appellant.

Russel L. Jones for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

The Nebraska Department of Motor Vehicles (Department) appeals from the order of the district court for Dawson County which set aside the order of the Department director which had revoked Michael D. Muir's motor vehicle operator's license. For the reasons stated below, we conclude that the district court's order does not conform to the law, and we reverse the order of the district court and remand the cause for further proceedings.

## STATEMENT OF FACTS

On January 30, 1999, in Dawson County, Nebraska, State Patrol Trooper Michael Dowling, through the use of radar, clocked Muir driving his motor vehicle in excess of the posted speed limit. Dowling also observed Muir swerving several times out of his lane of traffic, either over the center line or onto the shoulder of the highway. Dowling pulled over Muir's vehicle and observed that Muir smelled of alcohol, spoke with slurred speech, and had bloodshot and watery eyes.

Dowling asked Muir to perform several field sobriety tests, all of which Muir failed. After Dowling gave Muir a preliminary breath test, he arrested Muir for driving under the influence of alcohol and transported Muir to the Dawson County jail. At the jail, Muir was administered a chemical test of his breath, which test indicated that Muir had a breath alcohol content of .222 grams of alcohol per 210 liters of breath.

As a result of his arrest, Muir's driver's license was subject to administrative revocation pursuant to the statutes pertaining to the rules of the road, specifically Neb. Rev. Stat. § 60-6,205

(Reissue 1998); the Administrative Procedure Act (APA), Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 1994 & Cum. Supp. 1998); and 247 Neb. Admin. Code, ch. 1, §§ 001 to 027 (1998). Muir contested the revocation and requested a formal rules of evidence hearing pursuant to § 84-914(1), which request the Department granted. Section 60-6,205(6)(a) provides that driver's license revocation hearings "shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties."

The hearing was held telephonically on March 15, 1999. Section 84-913.03 provides for telephonic hearings. The record indicates that Muir, Muir's counsel, counsel for the Department, Dowling, the hearing officer, and a court reporter were all participants in the telephonic hearing. The evidence in the record does not indicate, however, the location of any of these participants during the telephonic hearing.

At the start of the hearing, Muir, through his counsel, objected to the Department's conducting the hearing telephonically. Specifically, Muir objected to the hearing "being held over the telephone." Muir made no objection to the county in which the telephonic hearing was conducted or, more specifically, to the venue of the hearing as prescribed in § 60-6,205(6)(a). The hearing officer, relying upon this court's decision in *Kimball v. Nebraska Dept. of Motor Vehicles*, 255 Neb. 430, 586 N.W.2d 439 (1998), overruled Muir's objection to the telephonic method of the hearing, and the hearing continued. In *Kimball*, we held that telephonic hearings pertaining to driver's license revocations are permitted in proceedings under the APA when a formal "rules of evidence" hearing is requested. Sixteen exhibits were received into evidence, including Dowling's sworn report prepared following his arrest of Muir. Dowling also testified at the hearing. At the conclusion of the hearing, the hearing officer took the matter under advisement.

On March 19, 1999, the hearing officer issued proposed findings of fact, proposed conclusions of law, and a recommended order of revocation, all of which were adopted as the official and final order by the director of the Department on March 22, 1999. As a result of the director's order, Muir's driver's license was revoked for a period of 90 days.

On March 29, 1999, Muir filed his petition for review in the district court for Dawson County, appealing the director's order. In his petition, Muir assigned several errors, including the claim that the telephonic hearing was improper, that there was no reasonable suspicion to stop his vehicle, and that his arrest was made without probable cause. Muir attached to his petition a copy of a "Judgment on Appeal" entered in an unrelated case by the district court for Cherry County (Cherry County order), in which the district court for Cherry County reversed a license revocation order as to another driver, which order had been entered by the Department following a telephonic hearing. The district court in the Cherry County order determined that because the record of the telephonic hearing indicated that the hearing officer was situated in Lincoln, Lancaster County, Nebraska, and the arrest had occurred in Cherry County, the telephonic hearing in that case violated § 60-6,205(6)(a), which provides that license revocation hearings "shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties."

Muir's petition came on for hearing before the district court for Dawson County on May 10, 1999. Muir's counsel and the Department, represented by the Dawson County Attorney's office, appeared at the hearing. The district court received into evidence the bill of exceptions from the telephonic hearing before the Department.

On May 18, 1999, the district court filed its journal entry in which it reversed the Department's order which had revoked Muir's driver's license. In its journal entry, the district court made no factual findings regarding the location of the participants to the March 15, 1999, telephonic hearing. Nevertheless, the district court determined that the telephonic hearing was not held in Dawson County, where Muir's arrest occurred, and the revocation order was therefore improper under § 60-6,205(6)(a). The district court also awarded the Dawson County Attorney's office a $100 attorney fee, to be paid from the budget of the Nebraska Attorney General.

The Department appeals.

## ASSIGNMENTS OF ERROR

On appeal, the Department has assigned three errors which combine to form two. The Department claims that the district

court erred (1) in vacating the director's order which had revoked Muir's driver's license and driving privileges on the basis that the telephonic hearing violated § 60-6,205(6)(a) and (2) in ordering that the attorney fee awarded to the Dawson County Attorney's office be paid from the budget of the Attorney General.

## STANDARDS OF REVIEW

Decisions of the director of the Department of Motor Vehicles, pursuant to Nebraska's administrative revocation statutes, are appealed under the APA. Neb. Rev. Stat. § 60-6,208 (Reissue 1998). See, also, *Schindler v. Department of Motor Vehicles*, 256 Neb. 782, 593 N.W.2d 295 (1999); *Kimball v. Nebraska Dept. of Motor Vehicles*, 255 Neb. 430, 586 N.W.2d 439 (1998). A final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. § 84-918; *Schindler v. Department of Motor Vehicles, supra.*

When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Father Flanagan's Boys' Home v. Agnew*, 256 Neb. 394, 590 N.W.2d 688 (1999). An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id.* Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.*; *Kimball v. Nebraska Dept. of Motor Vehicles, supra.*

## ANALYSIS

*Venue Under § 60-6,205(6)(a).*

The State advances several alternative arguments as to why the decision of the district court should be reversed. Muir relies primarily on the Cherry County order in an unrelated case in support of his position that the district court's order should be affirmed.

■ Administrative license revocation hearings are conducted pursuant to §§ 60-6,205 through 60-6,208; §§ 84-913 through 84-920; and 247 Neb. Admin. Code, ch. 1, §§ 001 to 027. The parties agree, as do we, that a telephonic hearing under the APA, § 84-913.03, pertaining to driver's license revocation, is subject to the terms of § 60-6,205(6)(a), which provides that license revocation hearings "shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties."

In *Kimball v. Nebraska Dept. of Motor Vehicles*, 255 Neb. 430, 586 N.W.2d 439 (1998), a case involving an administrative driver's license revocation proceeding, this court held that telephonic hearings under § 84-913.03 were permitted in proceedings under the APA when a formal "rules of evidence" hearing under § 84-914(1) is requested. *Kimball v. Nebraska Dept. of Motor Vehicles, supra.* Under § 60-6,205(6)(a), an administrative driver's license revocation hearing "shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties." Reading §§ 60-6,205(6)(a), 84-913.03, and 84-914(1) in pari materia, we conclude that the terms of § 60-6,205(6)(a) apply to telephonic hearings concerning the administrative revocation of drivers' licenses. See *Sheldon-Zimbelman v. Bryan Memorial Hosp.*, 258 Neb. 568, 604 N.W.2d 396 (2000) (statutes pertaining to certain subject matter which are in pari materia are conjunctively considered and construed to determine intent of Legislature so that different provisions are consistent and sensible).

According to the plain language of § 60-6,205(6)(a), the location of the hearing is tied to counties, either the county in which the arrest occurred or to any other county agreed to by the parties. On appeal, the Department asserts that the district court's decision that the telephonic hearing contravened the provisions of § 60-6,205(6)(a) was error. Implicit in the Department's argument is the assertion that § 60-6,205(6)(a) prescribes venue rather than subject matter jurisdiction for administrative driver's license revocation hearings.

■ Venue " 'is the place of trial of an action—the site where the power to adjudicate is to be exercised.' " *In re Interest of Adams*, 230 Neb. 109, 114, 430 N.W.2d 295, 298 (1988) (quot-

ing *State ex rel. Bauersachs v. Williams*, 215 Neb. 757, 340 N.W.2d 431 (1983). In contrast, "[s]ubject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved." *State ex rel. NSBA v. Krepela*, 259 Neb. 395, 397, 610 N.W.2d 1, 3 (2000).

It is well settled that litigants cannot confer subject matter jurisdiction upon a tribunal by acquiescence or consent. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). Venue provisions, however, " '[c]onfer . . . a personal privilege which may be waived by the defendant.' " *Blitzkie v. State*, 228 Neb. 409, 421, 422 N.W.2d 773, 780 (1988) (quoting 92 C.J.S. *Venue* § 77 (1955)). Section 60- 6,205(6)(a), inter alia, permits the parties, by agreement, to determine the county in which the driver's license revocation hearing will be held. The flexibility inherent in the plain language of § 60-6,205(6)(a) indicates that the purpose of this provision is to provide for venue rather than to establish jurisdiction. See *In re Interest of Adams, supra*. Accordingly, we hold that § 60-6,205(6)(a), establishing the location for administrative driver's license revocation hearings, is a venue statute. Compare *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 562 N.W.2d 355 (1997) (holding that § 84-917(2)(a) establishes jurisdictional requirements for obtaining judicial review of final administrative decisions under APA, which requirements include filing petition for review in district court of county in which first adjudicated hearing took place). Thus, the arguments advanced by both parties on appeal to this court concern the venue provision contained in § 60-6,205(6)(a).

It is well settled that a claim of improper venue "is a matter that may be waived by failure to make timely objection." *Peitz v. Hausman*, 198 Neb. 344, 346, 252 N.W.2d 628, 629 (1977). Further, this court has held that a defendant's participation in a hearing without objecting to the location of the hearing constituted a waiver of any such objection to the hearing location. See *Corn Belt Products Co. v. Mullins*, 172 Neb. 561, 110 N.W.2d 845 (1961).

In the instant case, Muir objected to the hearing "being held over the telephone." This objection which Muir raised in the

proceedings before the hearing officer was directed to the telephonic method by which the hearing was being conducted. Muir's generalized objection to the method by which the hearing was being conducted failed to raise a question regarding the correct venue under § 60-6,205(6)(a). See *In re Interest of Adams*, 230 Neb. 109, 430 N.W.2d 295 (1988) (objection to court's "jurisdiction" based upon venue statute rather than objection to hearing location waives venue objection). Muir did not object to the venue, or location, of the telephonic hearing. Furthermore, Muir did not request that the proceedings be transferred to any other county or location. By virtue of Muir's participation in the telephonic hearing without objecting to the hearing location, he waived any objection he might have had to the venue of the proceedings under § 60-6,205(6)(a). See, *id.*; *Corn Belt Products Co. v. Mullins, supra.* Having waived his venue objection at the hearing, Muir's objection to venue before the district court was without merit. Accordingly, the district court's decision that the hearing did not comport with § 60-6,205(6)(a) and setting aside the Department's order which had revoked Muir's driver's license does not conform to the law, and we reverse the order of the district court.

We note that in his appeal to the district court, Muir raised other assignments of error that were not considered by the district court. Therefore, we remand this cause to the district court for a determination of Muir's remaining assignments of error. See *Kimball v. Nebraska Dept. of Motor Vehicles*, 255 Neb. 430, 586 N.W.2d 439 (1998).

*Attorney Fees Under Neb. Rev. Stat.*
*§ 23-1201(1) (Reissue 1997).*

Because the issue is likely to arise again in the course of the hearing following remand, we consider the Department's remaining assignment of error in which the Department claims that the district court erred in ordering that the attorney fee awarded to the Dawson County Attorney's office be paid from the budget of the Attorney General. See *State v. Dixon*, 259 Neb. 976, 614 N.W.2d 288 (2000).

In accordance with § 23-1201 and this court's decision in *Winter v. Department of Motor Vehicles*, 257 Neb. 28, 594

N.W.2d 642 (1999), the Department acknowledges that an award of an attorney fee to the Dawson County Attorney's office is proper. The Department claims, however, that the district court erred in ordering that the fee be paid from the budget of the Attorney General. We agree with the Department that the district court's order designating that the attorney fee be paid from the budget of the Attorney General does not conform to the law and that the district court erred in so ordering.

In *Winter v. Department of Motor Vehicles, supra,* we held that pursuant to § 23-1201(2), the district court was authorized to award the county attorney representing the Department in a license revocation appeal an attorney fee for the services provided by the county attorney's office. Section 23-1201(2) provides, inter alia, as follows:

> The county attorney may be directed by the Attorney General to represent the state in any action or matter in which the state is interested or a party. When such services require the performance of duties which are in addition to the ordinary duties of the county attorney, he or she shall receive such fee for his or her services, in addition to the salary as county attorney, as (a) the court shall order in any action involving court appearance or (b) the Attorney General shall authorize in other matters, with the amount of such additional fee to be paid by the state.

Section 23-1201(2) provides that it is the "state" which will pay the fees for additional services. The statute does not direct which department of the state will be responsible for the payment of the fees.

We note that Nebraska's statutes are replete with instances in which, when a statute provides that attorney fees or costs should be paid by a state entity, the Legislature specifically names the source of those funds. See, e.g., Neb. Rev. Stat. § 24-204.01 (Reissue 1995) (providing for payment of attorney fees and costs by Attorney General's office, following special appropriation by Legislature, in original actions challenging constitutionality of act of Legislature); Neb. Rev. Stat. § 43-117.02 (Reissue 1998) (permitting Department of Health and Human Services to pay for adoption expenses, including attorney fees, on behalf of special needs child following com-

pletion of adoption); Neb. Rev. Stat. § 44-6606 (Reissue 1998) (requiring Insurance Fraud Prevention Division to pay attorney fees to county attorney or special assistant attorney general prosecuting acts of insurance fraud); Neb. Rev. Stat. § 48-641 (Reissue 1998) (directing Commissioner of Labor to pay costs associated with unemployment compensation appeal); Neb. Rev. Stat. § 81-885.09 (Reissue 1996) (requiring State Real Estate Commission's Fund to pay all fees and expenses incurred by Attorney General for rendering legal opinions to commission or representing commission in any actions or proceedings); Neb. Rev. Stat. § 83-383 (Reissue 1999) (mandating payment by Department of Health and Human Services for attorney fees incurred to secure appointment of guardian for indigent individual with mental retardation for whom admission to state residential facility is sought); Neb. Rev. Stat. § 84-216 (Reissue 1999) (directing state agency to pay, from appropriation budget, Attorney General for attorney fees incurred in action initiated by Attorney General to compel that state agency implement act passed by Legislature).

These examples demonstrate that the Legislature is capable of specificity when it intends to designate that a particular state agency is responsible for the payment of fees or costs. In the case of § 23-1201(2), however, the Legislature has not specified the source of payment and instead merely provided that the additional fee is to be paid by the "state." It will be presumed that the Legislature knowingly did not designate with specificity the source of the additional fee in § 23-1201(2); and even if by oversight, it is not the office of the courts to legislate into existence a specific state agency or department to pay attorney fees when none are identified under the language of § 23-1201(2). Accordingly, we hold that the district court's order designating that the award of an attorney fee under § 23-1201(2) be paid out of the budget of the Attorney General's office does not conform to the law, and such order is reversed to the extent that the order directs that the attorney fee be paid from the budget of the Attorney General. Upon remand, any award to the county attorney for an attorney fee pursuant to § 23-1201(2) shall direct that the payment of such fee shall be paid by the State.

## CONCLUSION

For the reasons stated above, we conclude that the decision of the district court reversing the Department's order which had revoked Muir's driver's license does not conform to the law, and accordingly, we reverse the district court's order. We further conclude that the district court erred in ordering that the attorney fee awarded to the Dawson County Attorney's office pursuant to § 23-1201(2) be paid out of the budget of the Attorney General's office. The order is reversed, and the cause is remanded to the district court for treatment consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.