Shawn C. Randall, appellant, v.
Department of Motor Vehicles, appellee.

632 N.W.2d 799

Filed August 21, 2001.   No. A-00-458.

James E. Schaefer, of Gallup & Schaefer, for appellant.

Don Stenberg, Attorney General, and Hobert B. Rupe for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Shawn C. Randall appeals from an order of the district court for Douglas County affirming the revocation of Randall's driver's license by the Nebraska Department of Motor Vehicles (DMV). We affirm.

## BACKGROUND

On April 24, 1999, Randall was the driver of a vehicle that was involved in a three-car accident in Omaha, Nebraska. Omaha police officer Craig Wylie was dispatched to the accident and upon arrival questioned each person involved in the accident. While talking with Randall, Officer Wylie smelled alcohol and determined that Randall showed signs of impairment. Officer Wylie had Randall perform field sobriety tests, and upon determining that Randall appeared to be intoxicated, Officer Wylie placed a radio call for an officer with an "alcosensor" to come to the scene. Omaha police officer Patrick Soltys responded to the call and arrived at the scene with an alco-sensor and administered a breath test to Randall. The test showed that Randall's blood alcohol concentration was above the legal limit. Randall was arrested for operating a vehicle while intoxicated, pursuant to Neb. Rev. Stat. § 60-6,196 (Reissue 1998), and transported to the police station.

At the station, another breath test was administered to Randall, and it also showed that Randall's blood alcohol concentration was above the legal limit. Randall was given a "Notice/Sworn Report/Temporary License" informing him that his driver's license would be automatically revoked 30 days after the date of the arrest and that if he wished to contest the automatic revocation of his license, he needed to request a hearing by filing a petition with the DMV.

Randall subsequently filed a petition for administrative hearing to contest the revocation of his driver's license. An administrative license revocation (ALR) hearing was held on June 3,

1999. Officers Wylie and Soltys testified to the above events. James Brady, a crime laboratory technician, also testified. David Kofoed, a crime laboratory specialist, had been issued a subpoena, but failed to appear. Randall moved the hearing officer to request the aid of the district court to compel Kofoed to appear. The hearing officer complied with Randall's request and continued the hearing to a later date. The director of the DMV (Director) subsequently adopted the hearing officer's recommendations and ordered that Randall's motion to compel be granted and ordered that the hearing be continued on the Director's motion to allow the Director to seek the assistance of the district court. The hearing was continued for July 2.

At the continued hearing on July 2, 1999, Kofoed appeared and testified. However, before Kofoed testified, Randall argued that the DMV violated 247 Neb. Admin. Code, ch. 1, §§ 010.04 and 015.01I (1998), and he moved that the hearing be dismissed. Randall's motion was overruled. After the hearing concluded, the hearing officer recommended to the Director that Randall's driver's license be revoked for the statutory period. The Director adopted the hearing officer's recommendations and revoked Randall's license for 90 days. Randall appealed the Director's decision to the district court, again claiming that the DMV violated the time limitations in §§ 010.04 and 015.01I. The district court held that the time limitations found in §§ 010.04 and 015.01I were directory rather than mandatory and affirmed the Director's decision. Randall now appeals the decision of the district court.

## ASSIGNMENT OF ERROR

Randall assigns that the district court erred in failing to dismiss the ALR proceedings when the DMV violated the time limitations found in §§ 010.04 and 015.01I.

## STANDARD OF REVIEW

Decisions of the Director, pursuant to Nebraska's administrative revocation statutes, are appealed under the Administrative Procedure Act. Neb. Rev. Stat. § 60-6,208 (Reissue 1998); *Muir v. Nebraska Dept. of Motor Vehicles*, 260 Neb. 450, 618 N.W.2d 444 (2000). A final order rendered by a district court in a judicial review pursuant to the act may be

reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918 (Reissue 1999); *Muir v. Nebraska Dept. of Motor Vehicles, supra; Schindler v. Department of Motor Vehicles,* 256 Neb. 782, 593 N.W.2d 295 (1999).

■■■ When reviewing a question of law, however, an appellate court reaches a conclusion independent of the lower court's decision. *Muir v. Nebraska Dept. of Motor Vehicles, supra; Father Flanagan's Boys' Home v. Agnew,* 256 Neb. 394, 590 N.W.2d 688 (1999). The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below, according deference to an agency's interpretation of its own regulations, unless plainly erroneous or inconsistent. *Vinci v. Nebraska Dept. of Corr. Servs.,* 253 Neb. 423, 571 N.W.2d 53 (1997).

## ANALYSIS

Randall contends that the DMV violated the time limitations found in §§ 010.04 and 015.01I when his ALR hearing was continued from June 3 to July 2, 1999. We first address Randall's argument that the DMV violated § 015.01I. Section 015.01I states:

> If a party desires to request that the record be held open for additional evidence, the Hearing Officer may hold the record open for receipt of additional evidence. The record shall be held open for receipt of additional evidence not to exceed five (5) days after the hearing. Holding the record open shall not stay the automatic administrative license revocation unless the request to hold the record open is made on the Director's own motion. In no event shall the record be held open for more than five (5) days after the hearing date.

Randall argues that after the June 3 hearing, the record remained "open" until the hearing on July 2, thereby violating the "five-day rule" of § 015.01I. However, Randall's ALR hearing was not completed on June 3. The hearing held on June 3 was simply continued until a later date based on Randall's request for the aid of the district court in compelling Kofoed to appear. At

the June 3 hearing, after Randall asked that the hearing officer request the aid of the district court in enforcing the subpoena issued to Kofoed, the hearing officer stated that Randall's request would be granted and stated, "I would like to have it on record that this hearing will be continued to a later date." Subsequently, the Director ordered that Randall's motion to compel be granted and ordered that the hearing be continued. Neither party requested that the record be held open for additional evidence, nor did the hearing officer or Director ever state that the record was being held open.

The hearing was continued on July 2, 1999. At the end of the July 2 hearing, the hearing officer stated, "At this point I would like to close the hearing, since you don't have anything further to add." At the conclusion of the July 2 hearing, Randall's ALR hearing was complete. At this point, if either party had requested that the record be held open for additional evidence, § 015.01I would apply, and the record could remain open for 5 days after July 2. Section 015.01I does not apply to the time period between the June 3 hearing and the continuation of that hearing on July 2 because § 015.01I only applies "after the hearing." In addition, neither party requested that the record be held open for additional evidence after the conclusion of the July 2 hearing. Therefore, § 015.01I is not applicable to Randall's ALR hearing, and the DMV did not violate § 015.01I.

We further note that Randall states in his brief that the July 2, 1999, hearing was held open until July 9 in order to secure the testimony of a crime laboratory specialist involved in administering the second breath test on Randall and that this resulted in a violation of § 015.01I. There is nothing in the record to support this claim. The record shows that Kofoed, the crime laboratory specialist, testified on July 2, not July 9. The hearing was concluded on July 2, and there is nothing in the record to indicate that the record was held open for any period of time thereafter for additional testimony. Randall's claim that the DMV violated § 015.01I is without merit.

Randall also argues that the DMV violated § 010.04, which states: "Continuances granted on the Director's own motion shall in no event continue the hearing beyond forty-five (45) days from the date of arrest." Randall contends that the DMV violated

§ 010.04 because July 2, 1999, the day his ALR hearing was continued, is more than 45 days from the date of his arrest on April 24, 1999. Randall argues that the word "shall" in § 010.04 makes the 45-day time limitation mandatory and that a violation of such section should result in a dismissal of the ALR proceedings.

There is no universal test by which directory provisions of a statute may be distinguished from mandatory provisions. *Sedlak Aerial Spray v. Miller*, 251 Neb. 45, 555 N.W.2d 32 (1996); *State ex rel. Grape v. Zach*, 247 Neb. 29, 524 N.W.2d 788 (1994). As a general rule, in the construction of statutes, the word "shall" is considered mandatory and inconsistent with the idea of discretion. *State v. $1,947*, 255 Neb. 290, 583 N.W.2d 611 (1998); *State ex rel. Shepherd v. Neb. Equal Opp. Comm.*, 251 Neb. 517, 557 N.W.2d 684 (1997); *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). However, while the word "shall" may render a particular statutory provision mandatory in character, when the spirit and purpose of the legislation require that the word "shall" be construed as permissive rather than mandatory, such will be done. *State v. $1,947, supra*; *State ex rel. Shepherd v. Neb. Equal Opp. Comm., supra*; *Sedlak Aerial Spray v. Miller, supra*; *In re Interest of Brandy M. et al., supra*; *State ex rel. Grape v. Zach, supra*; *Hartman v. Glenwood Tel. Membership Corp.*, 197 Neb. 359, 249 N.W.2d 468 (1977).

The Nebraska Supreme Court has addressed mandatory versus directory legislation in relation to time periods defined in statutes, although not in the context of ALR proceedings. The Nebraska Supreme Court has found on many occasions that time limitation language in statutes are directory rather than mandatory, despite the use of the word "shall." In *State v. $1,947, supra*, the appellant asserted that the district court erred in refusing to dismiss the forfeiture action for failure to comply with the time limitations for instituting and maintaining a forfeiture action found in Neb. Rev. Stat. § 28-431 (Reissue 1995), which contains the word "shall." The Nebraska Supreme Court relied on a test set forth in *Matter of Sopoci*, 467 N.W.2d 799, 800 (Iowa 1991), for determining whether the statutory provision was mandatory or directory:

> "If the prescribed duty is essential to the main objective of the statute, the statute ordinarily is mandatory and a

violation will invalidate subsequent proceedings under it. If the duty is not essential to accomplishing the principal purpose of the statute but is designed to assure order and promptness in the proceeding, the statute ordinarily is directory and a violation will not invalidate subsequent proceedings unless prejudice is shown."

The Nebraska Supreme Court held that the failure to strictly adhere to the procedures outlined in § 28-431(4) does not interfere with the fundamental purpose of the statute, which is to ensure forfeiture of property or money used in drug transactions in a manner consistent with the requirements of due process. The court concluded that the time periods specified in § 28-431(4) are directory rather than mandatory and that the State's failure to strictly conform to them is not fatal to the forfeiture action.

In *In re Interest of C.P.*, 235 Neb. 276, 455 N.W.2d 138 (1990), the Nebraska Supreme Court determined that the use of the word "shall" in Neb. Rev. Stat. § 43-278 (Reissue 1988), which directs that an adjudication hearing be held within 6 months after a petition is filed, was directory and not mandatory. The court held that because "shall" was directory, failure of the State to provide an adjudication hearing within the statutory 6-month limit did not require discharge from the petition when the subject of the petition had not indicated how she had been prejudiced by the delay. The court also noted that the Legislature has not directed that the case be dismissed, nor has the Legislature forged a remedy that deprives the juvenile court of jurisdiction to adjudicate a parental termination case in the event that § 43-278 is violated.

Similarly, in *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996), the Nebraska Supreme Court held that Neb. Rev. Stat. §§ 43-271 and 43-278 (Reissue 1993), both of which define a juvenile's right to a prompt adjudication are directory and do not require discharge of a juvenile not adjudicated within the prescribed time period. The court concluded that these statutes which define a juvenile's right to a prompt adjudication do so without specifying a sanction for noncompliance. Citing *In re Interest of C.P., supra*, the court held that "[a] legislative enactment providing that an act be accomplished within a specified time period, with no sanction for failure to

comply with that mandate, is directory." *In re Interest of Brandy M. et al.*, 250 Neb. at 523, 550 N.W.2d at 25. Both *In re Interest of C.P., supra*, and *In re Interest of Brandy M. et al., supra*, held that the essence of the Nebraska Juvenile Code statutes was to protect the best interests of the child and that failure to comply with the time limit did not interfere with this interest.

In *State v. Steele*, 224 Neb. 476, 399 N.W.2d 267 (1987), the defendant was acquitted by reason of insanity and ordered admitted to the Lincoln Regional Center for a 90-day evaluation. Because the State failed to conduct an evidentiary hearing before the expiration of the 90-day period as provided in Neb. Rev. Stat. § 29-3702 (Reissue 1985), Steele argued that the court lacked jurisdiction and that he must be released from the Lincoln Regional Center. Relying on the rule that a provision of a statute which does not relate to the essence of the thing to be done but governs the time or manner of performance is generally considered to be directory as opposed to mandatory, the Nebraska Supreme Court held that the statute's time limits were directory and not mandatory. In addition, the court concluded that there was no announced penalty in the statute or the case law interpreting the statute for the State's failure to meet the statutory time limits and that Steele had not demonstrated that he had been prejudiced as a result of the delay. Therefore, Steele was not released from custody.

In coming to its decision, the *Steele* court relied in part on *Taylor v. Department of Transp.*, 260 N.W.2d 521 (Iowa 1977). In *Taylor*, the appellant requested a hearing after the revocation of his driver's license. Iowa Code Ann. § 321B.8 (West 1966) provided that such hearing shall be held within 20 days of the request. The appellant was not given a hearing within the statutory time limit and contended that the trial court and the department of transportation had lost jurisdiction as a result. The Iowa court stated:

> Nevertheless, the time provision in § 321B.8 is clearly designed to provide order and promptness in the administrative process, the characteristic purpose of a directory statute. The main legislative goal of removing dangerous drivers from the highways can still be attained when hearings are late. In the absence of a showing of prejudice by

the licensee, a failure to hold the revocation hearing within 20 days of receipt should not preclude a later hearing. We hold that the hearing time provision of § 321B.8 is directory and not mandatory.

*Taylor v. Department of Transp.*, 260 N.W.2d at 523. The Iowa court went on to say that statutes which fix the form, mode, or time of performance by public functionaries are generally considered to be directory, as opposed to mandatory.

In *Hartman v. Glenwood Tel. Membership Corp.*, 197 Neb. 359, 249 N.W.2d 468 (1977), the statute at issue required that the Nebraska Public Service Commission have a decision within 30 days of a hearing. The appellant claimed that the order of the commission was void because the commission failed to file its decision within 30 days after the hearing. The *Hartman* court stated:

> " 'Generally speaking, those provisions which do not relate to the essence of the thing to be done and as to which compliance is a matter of convenience rather than substance are directory, while the provisions which relate to the essence of the thing to be done, that is, to matters of substance, are mandatory. . . . Provisions governing the time for doing an act, or directing the doing of certain things within certain times without any negative words restraining the doing thereof afterward, are deemed to be directory.' "

*Id.* at 371-72, 249 N.W.2d at 475. Despite the use of the word "shall" in the statute at issue, the Nebraska Supreme Court held that the 30-day limit was not a mandate, but a directive. The *Hartman* court pointed out that the purpose of the statute at issue was to ensure that " 'all matters presented to the commission be heard and determined without delay.' " *Id.* at 372, 249 N.W.2d at 475. The *Hartman* court concluded that the delay did not prejudice or harm the appellant.

In the instant case, the time limitation in § 010.04 is not " 'essential to the main objective' " of the ALR statutes. "[T]he purpose of ALR is to protect the public from the health and safety hazards of drunk driving by quickly getting [driving while under the influence] offenders off the road. At the same time, the ALR statutes also further a purpose of deterring other Nebraskans from driving drunk." *State v. Young*, 249 Neb. 539, 541-42, 544 N.W.2d

808, 811 (1996), citing *State v. Hansen*, 249 Neb. 177, 542 N.W.2d 424 (1996). The time limitation in § 010.04 is not essential to the purpose of the ALR statutes, but, rather, the time limitation ensures order and promptness in ALR proceedings. The failure to strictly abide by the time limitation in § 010.04 does not interfere with the fundamental purpose of the ALR statutes. The main goal of removing drunk drivers off the roads can still be attained when hearings are held past the 45-day time limitation. Therefore, § 010.04 is directory rather than mandatory.

Any violation of § 010.04 which occurred did not invalidate the proceedings unless Randall could show that he was prejudiced by the delay. Randall does not claim that he was prejudiced by the delay in the ALR hearing. The delay in the ALR hearing was caused by Randall's own request for a motion to compel at the June 3 hearing. Even though the ALR hearing was continued "on the Director's own motion," Randall is the one who asked for a motion to compel, thereby necessitating a continuance in order to comply with his request. The continuance was granted for Randall's benefit. Randall requested the motion to compel so that he could get the aid of the district court in enforcing the subpoena on Kofoed and have the benefit of having Kofoed testify at the ALR hearing. The first part of Randall's ALR hearing was held on June 3, 1999, 40 days after Randall's arrest. Because of the amount of time required to secure the motion to compel and reschedule the hearing, it was virtually impossible to reschedule the hearing within the 45-day window. The ALR hearing was completed on July 2, 70 days after the arrest. The ALR hearing was rescheduled within a reasonable amount of time. Therefore, Randall was not prejudiced by the delay in the ALR hearing.

In addition, the Nebraska Administrative Code does not contain any sanctions for noncompliance with the 45-day limitation under § 010.04. "[A] legislative enactment providing that an act be accomplished within a specified time period, with no sanction for failure to comply with that mandate, is directory." *In re Interest of Brandy M. et al.*, 250 Neb. 510, 523, 550 N.W.2d 17, 25 (1996).

The time limit in § 010.04 is directory and not mandatory. Any violation of such time limit did not invalidate Randall's ALR proceedings.

## CONCLUSION

For the reasons set forth above, the judgment of the district court affirming the order of revocation by the Director is affirmed.

AFFIRMED.