GARY A. REITER, APPELLANT, V. EDWARD D. WIMES,
DIRECTOR OF NEBRASKA DEPARTMENT OF
MOTOR VEHICLES, APPELLEE.

640 N.W.2d 19

Filed March 1, 2002.   No. S-99-1392.

David E. Veath for appellant.

Don Stenberg, Attorney General, and Hobert B. Rupe, Jodi M. Fenner, and, on brief, Kyle C. Dahl for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Gary A. Reiter appeals the district court's order affirming the revocation of his driver's license by the director of the Nebraska Department of Motor Vehicles (Department). For the reasons set forth herein, we affirm.

## SCOPE OF REVIEW

■ Decisions of the director of the Department of Motor Vehicles, pursuant to Nebraska's administrative revocation statutes, are appealed under the Administrative Procedure Act (APA). *Muir v. Nebraska Dept. of Motor Vehicles*, 260 Neb. 450, 618 N.W.2d 444 (2000). See Neb. Rev. Stat. § 60-6,208 (Reissue 1998).

■ A final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Muir v. Nebraska Dept. of Motor Vehicles, supra.*

■ When reviewing an order of the district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

■ An appellate court, in reviewing a district court's judgment for errors appearing on the record, will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id.*

■ Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.*

## FACTS

On June 21, 1999, at approximately 12:10 a.m., Nebraska State Patrol Trooper Robert G. Neel was southbound on Highway 9 in Cuming County when he noticed Reiter's vehicle traveling on the centerline. Neel watched the vehicle weave over to the shoulder and then back over the centerline. When Neel stopped the vehicle and asked for Reiter's license and registration, he noticed the odor of alcohol on Reiter's breath.

Neel asked Reiter to perform field sobriety tests and a preliminary breath test, which Reiter failed. Reiter was then arrested pursuant to Neb. Rev. Stat. § 60-6,196 (Reissue 1998) and transported to the Thurston County sheriff's office, which was the nearest testing facility. From there, Reiter was taken to a local hospital, where a blood alcohol test was administered. The test showed that Reiter had a blood alcohol content of .153 grams of alcohol per 100 milliliters of blood.

Following the arrest, Reiter was subject to having his driver's license revoked pursuant to Neb. Rev. Stat. § 60-6,205 (Reissue 1998). On June 24, 1999, Reiter filed a petition requesting a hearing to contest the administrative license revocation. Reiter was notified that the hearing would be held on July 12 and that teleconference hearing procedures would be used. Upon Reiter's request, the hearing was continued to July 16. Reiter did not object to the use of teleconference hearing procedures at this time.

On July 16, 1999, a telephonic hearing was held. During the hearing, the hearing officer was located in Lancaster County, the

arresting officer was in Wayne County, and Reiter and his counsel were in Dawes County. None of the parties were present in Cuming County, where the arrest had occurred.

After several exhibits were received, but prior to the receipt of testimony, Reiter objected to the hearing officer's holding a telephonic hearing rather than a hearing by videoconference. Reiter claimed that because videoconferencing was available in Dawes County, the hearing officer should have ordered that videoconferencing be used pursuant to Neb. Rev. Stat. § 84-913.03 (Reissue 1999). The hearing officer overruled the motion, noting that even if the hearing were held by videoconference, no one would be present in Cuming County. At the end of the hearing, Reiter claimed that the hearing should have been conducted in Cuming County, the county where the arrest occurred, or in any other county agreed to by the parties, as set forth in § 60-6,205(6)(a).

The hearing officer recommended that Reiter's objection based on § 60-6,205(6)(a) be overruled and found that § 84-913.03 permitted a telephonic hearing. The director reviewed the proposed findings of fact and conclusions of law recommended by the hearing officer, adopted the recommendations as the official and final order of the Department, and ordered that Reiter's driver's license be revoked for 90 days effective July 21, 1999.

Reiter timely appealed to the district court for Cuming County. The district court found that Reiter had failed to object to the fact that none of the parties were physically present in Cuming County during the hearing. The district court concluded that Reiter was not prejudiced and affirmed the decision of the director. Reiter timely appealed, and we transferred this case to our docket.

## ASSIGNMENTS OF ERROR

Reiter assigns as error that the district court erred in finding that the director did not commit error in overruling Reiter's objection to conducting the license revocation hearing in a county other than the one in which the arrest occurred and that the court erred in not reinstating Reiter's driver's license because the hearing was not held pursuant to § 60-6,205(6)(a).

## ANALYSIS

We first consider whether the district court for Cuming County had jurisdiction over this matter. The director asserts

that Neb. Rev. Stat. § 84-917(2)(a) (Reissue 1999) is a jurisdictional requirement for obtaining judicial review of a final administrative decision under the APA. Section 84-917(2)(a) provides in part: "Proceedings for review shall be instituted by filing a petition in the district court of the county where the action is taken within thirty days after the service of the final decision by the agency."

We have previously held that the phrase "county where the action is taken," as used in § 84-917(2)(a), is defined as " 'the site of the first adjudicated hearing of a disputed claim.' " See *Essman v. Nebraska Law Enforcement Training Ctr.*, 252 Neb. 347, 351, 562 N.W.2d 355, 358 (1997). The director argues that if we determine that the license revocation hearing did not take place in Cuming County, then the district court for Cuming County lacked jurisdiction. The director claims that because none of the parties to the hearing were present in Cuming County, there is no support for a finding that Cuming County was the site of the first adjudicated hearing of a disputed claim.

The fact that the license revocation hearing did not take place in Cuming County does not mean that the district court for Cuming County lacked jurisdiction. Section 60-6,208 refers specifically to license revocation hearings and provides: "Any person who feels himself or herself aggrieved because of such revocation may appeal therefrom to the district court of the county where the alleged events occurred for which he or she was arrested in accordance with the Administrative Procedure Act." Here, the alleged events for which Reiter was arrested occurred in Cuming County. Administrative license revocation hearings may also be held in a location other than where the arrest occurred. See § 60-6,205(6)(a).

Statutes relating to the same subject matter will be construed so as to maintain a sensible and consistent scheme and so that effect is given to every provision. *Becker v. Hobbs*, 256 Neb. 432, 590 N.W.2d 360 (1999). Neither § 60-6,208 nor § 84-917(2)(a) provides that its jurisdictional provisions are exclusive. Section 60-6,208 deals specifically with license revocation hearings, and § 84-917 applies to appeals from all administrative hearings. If we interpret these two statutes to be conflicting, then to the extent that a conflict existed, the specific statute

would control over the general. See *In re Interest of Sabrina K.,* 262 Neb. 871, 635 N.W.2d 727 (2001). Since § 60-6,208 deals specifically with license revocation hearings, it controls over the general statute dealing with administrative hearings. Therefore, the district court for Cuming County had jurisdiction over the matter at issue.

Having concluded that the district court for Cuming County had jurisdiction, we proceed to discuss the merits. Reiter's assignments of error are based on the claim that his license should have been reinstated because the license revocation hearing was not held in compliance with § 60-6,205(6)(a), which provides in part: "The hearing shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties." Reiter claims this section requires that the hearing be held in Cuming County, where the arrest occurred, and that because his hearing was not held in Cuming County, the revocation was invalid.

In *Muir v. Nebraska Dept. of Motor Vehicles,* 260 Neb. 450, 618 N.W.2d 444 (2000), we addressed the significance of § 60-6,205(6)(a). There, Muir objected to holding the license revocation hearing by teleconference. He appealed to the district court, which reversed his license revocation. The Department appealed that order.

In *Muir,* we concluded that § 60-6,205(6)(a) was a venue provision. We noted that Muir never objected to the venue, or location, of the hearing, nor did he request that the hearing be transferred to another county. We concluded that because Muir participated in the telephonic hearing without objecting to the location, he waived any objection to venue under § 60-6,205(6)(a).

The same reasoning applies to the case at bar. Before any testimony was received, Reiter objected to holding the hearing by teleconference rather than by videoconference. An objection to the use of teleconference hearing procedures is not an objection to venue. See *Muir v. Nebraska Dept. of Motor Vehicles, supra.*

After the testimony had been received and the hearing was essentially completed, Reiter objected based on § 60-6,205(6)(a). The objection to venue after the hearing was completed was not a timely objection. See *State ex rel. Bauersachs v. Williams,* 215

Neb. 757, 340 N.W.2d 431 (1983) (objection to venue at conclusion of evidence is untimely).

Venue provisions confer a personal privilege which may be waived by the defendant. *Muir v. Nebraska Dept. of Motor Vehicles, supra.* A claim of improper venue is a matter that may be waived by failure to make a timely objection. *Id.* Reiter failed to make a timely objection to the location of the hearing, and therefore waived his objection to venue.

## CONCLUSION

The decision of the district court conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Therefore, the decision of the district court is affirmed.

AFFIRMED.