REQUESTED BY: Senator Joel T. Johnson
You have requested the opinion of this office whether legislation is needed to assure that the Department of Health and Human Services Regulation and Licensure has statutory authority to amend its regulations so as to allow the use of oxygen, aspirin and epinephrine auto-injectors by certain emergency care providers. You state that the emergency care providers are not currently allowed to use such treatments as their scope of practice is limited to the curriculum of the U.S. Department of Transportation course for each classification of emergency medical technician. You then ask whether the Board of Emergency Medical Services and the Department may amend current regulations to include such treatments or whether statutory changes would first be necessary.
We have reviewed the Emergency Medical Services Act. Neb. Rev. Stat. §§ 71-5172 to 71-51,100 (Cum. Supp. 2002). As you point out in your opinion request, the pertinent statutes are Neb. Rev. Stat. §71-5178(2) and § 71-5179(1). § 71-5178 authorizes the Department, with the approval of the Board, to promulgate rules and regulations which create four certification classifications of out-of-hospital emergency care providers. These rules and regulations are to include the practices and procedures authorized for each classification. § 71-5179(1) provides that the Legislature has adopted all parts of the U.S. Department of Transportation curricula, including permitted practices and procedures for each classification, until modified by rule and regulation. Because of this specific language "until modified by rule and regulation" it is our opinion that the Department is not limited to the U.S. Department of Transportation curricula in setting forth the permitted practices and procedures for each certification classification and may change or modify that curricula. On its face, § 71-5179(1), authorizes the Department to establish the scope of practice for the various emergency care provider classifications.
It is a general principle of statutory construction that once a statute is enacted it is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality. See Kalisek v. Abramson, 257 Neb. 517, 520, 599 N.W.2d 834, 836 (1990); Schindler v. Nebraska Dept. of Motor Vehicles, 256 Neb. 782, 593 N.W.2d 295
(1999). Because Neb. Rev. Stat. § 71-5179(1) allows the Department to modify the U.S. Department of Transportation curricula in its rules and regulations, a statutory change is not necessary in order to change the scope of practice of these emergency care providers.
The Legislature may authorize an administrative or executive department to make rules and regulations to carry out an express legislative purpose, or to completely operate and enforce a law within designated limitations. Bosselman, Inc. v. State, 230 Neb. 471,432 N.W.2d 226 (1988). The Nebraska Supreme Court has indicated that the "modern tendency is to be more liberal in permitting grants of discretion to an administrative agency in order to facilitate the administration of laws as the complexity of economic and governmental conditions increases." State ex rel. Douglas v. Nebraska Mortgage Finance Fund,204 Neb. 445, 465, 283 N.W.2d 12, 24 (1979).
Sincerely,
 DON STENBERG Attorney General
 Lynn A. Melson Assistant Attorney General
Approved:
__________________________________ Attorney General
pc: Patrick O'Donnell Clerk of the Legislature