568 N.W.2d 471 (1997)
253 Neb. 92
Lonnie R. McGUIRE, Appellant,
v.
DEPARTMENT OF MOTOR VEHICLES OF the STATE OF NEBRASKA and Alvin Abramson, director of the Department of Motor Vehicles of the State of Nebraska, Appellees.
No. S-95-1000.
Supreme Court of Nebraska.
September 5, 1997.
*472 John M. Thor, Wisner, for appellant.
Donald Stenberg, Attorney General, and Jonathan B. Robitaille, Lincoln, for appellees.
WHITE, C.J., and CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.
McCORMACK, Justice.
The director of the Department of Motor Vehicles found that the appellant, Lonnie R. McGuire, was driving while under the influence of alcohol and revoked McGuire's driver's license pursuant to Neb.Rev.Stat. §§ 60-6,196 through 60-6,208 (Reissue 1993). McGuire appealed the director's decision to the district court, which affirmed the decision. It is from the district court's order that McGuire now appeals. Under our authority *473 to regulate the caseloads of the Nebraska Court of Appeals and this court, on our own motion, we removed the matter to this Court. We conclude that on the record before us, the judgment of the district court is not supported by the evidence. Accordingly, we reverse the judgment of the district court and remand the cause with directions to dismiss.

FACTUAL BACKGROUND
McGuire was arrested by Officer Keli Forney of the Wayne County sheriffs office on May 21, 1995, for driving while under the influence of alcohol and was transported to the Wayne Police Department. Forney read a postarrest advisement form to McGuire, after which McGuire agreed to submit to a chemical breath test. Forney administered the breath test to McGuire, which indicated an alcohol concentration of .14 grams of alcohol per 210 liters of his breatha quantity in excess of the legal limit specified in § 60-6,196(l)(c).
Forney then began the process to revoke McGuire's driver's license. Forney completed a form entitled "Notice/Sworn Report/ Temporary License"; read a notice of automatic driver's license revocation to McGuire; and gave McGuire a copy of his temporary license, a citation, an addressed envelope, and a petition form to request a hearing before the director should he decide to contest the revocation.
On May 24, 1995, McGuire requested such hearing before the director. At this hearing, held on June 30, among the items offered into evidence by the department were Forney's sworn report, which contained the results of the breath test administered to McGuire, and a checklist purportedly completed at the time the breath test was administered. McGuire objected to both items. Further, at this hearing Forney testified that she was certified to administer a breath test with an Intoxilyzer Model 401 IAS, the instrument used to test McGuire. However, Forney failed to affirmatively state that she held a valid permit issued by the Department of Health to test blood, breath, or urine for the presence of alcohol.
In an order dated July 6,1995, the director revoked McGuire's driver's license and privilege to operate a motor vehicle for a period of 90 days. In accordance with § 60-6,208 and Neb.Rev.Stat. § 84-917 (Reissue 1994), McGuire filed a petition in the district court requesting a review of the director's border. The district court held a hearing and in a journal entry dated September 11, affirmed the director's order. McGuire then appealed the district court's decision to the Court of Appeals. By the order of this court, we removed McGuire's appeal to our docket.

ASSIGNMENTS OF ERROR
McGuire asserts several errors, which may be summarized into three: The district court erred by (1) determining that the breath test report was admissible and was competent evidence, since the arresting officer did not comply with the statutory and regulatory requirements when administering the breath test; (2) failing to remand the proceedings to the department to determine whether McGuire was properly advised of the consequences of refusing to take or taking and failing a breath test, in light of Smith v. State, 248 Neb. 360, 535 N.W.2d 694 (1995); and (3) determining that the arresting officer had probable cause to believe McGuire was operating or in actual physical control of a motor vehicle while under the influence of alcohol and that the officer effected a lawful arrest.

SCOPE OF REVIEW
A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Piska v. Nebraska Dept. of Soc. Servs., 252 Neb. 589, 567 N.W.2d 544 (1997); Loup City Pub. Schs. v. Nebraska Dept. of Rev., 252 Neb. 387, 562 N.W.2d 551 (1997).
When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Piska v. Nebraska Dept. of Soc. *474 Servs., supra; Loup City Pub. Schs. v. Nebraska Dept. of Rev., supra.

ANALYSIS
The determinative issue in this appeal is whether the department met its burden to make a prima facie case for the revocation of McGuire's driver's license and if so, whether McGuire rebutted the department's case. In McPherrin v. Conrad, 248 Neb. 561, 537 N.W.2d 498 (1995), we concluded that the department makes a prima facie case once it establishes that the arresting officer provided his or her sworn report to the director containing the required recitations. "The director was not required to prove the recitations were true. Rather, it became [the motorist's] burden to prove that one or more of the recitations were false." Id. at 565, 537 N.W.2d at 501.
The required recitations are found in § 60-6,205(3), which provides, in pertinent part:
The arresting peace officer shall immediately forward to the director a sworn report stating (a) that the person was validly arrested pursuant to section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, (c) that the person was advised of the consequences if the test disclosed the presence of alcohol in a concentration specified in section 60-6,1%, including that his or her operator's license would be immediately impounded and automatically revoked in thirty days, and (d) that the person submitted to a test, the type of test to which he or she submitted, and that such test revealed the presence of alcohol in a concentration specified in such section.
(Emphasis supplied.)
Assuming without deciding that the sworn report submitted to the director by Forney was sufficient, McGuire clearly rebutted the requirement that he was validly arrested pursuant to § 60-6,197.
In order for a motorist to be validly arrested so as to be subject to administrative license revocation, he or she must first demonstrate a concentration of alcohol in his or her blood in excess of the statutory limit. Section 60-6,197 provides in pertinent part:
(3) Any peace officer who has been duly authorized to make arrests for violation of traffic laws of this state or ordinances of any city or village may require any person who operates or has in his or her actual physical control a motor vehicle in this state to submit to a preliminary test of his or her breath for alcohol concentration.... Any person ... whose preliminary breath test results indicate an alcohol concentration in violation of section 60-6,196 shall be placed under arrest....
(4) Any person arrested as provided in this section may, upon the direction of a peace officer, be required to submit to a chemical test or tests of his or her blood, breath, or urine for a determination of the concentration of alcohol or the presence of drugs. If the chemical test discloses the presence of a concentration of alcohol in violation of subsection (1) of section 60-6,196, the person shall be subject to the administrative revocation procedures provided in sections 60-6,205 to 60-6,208....
A prerequisite to the validity of a breath test made under § 60-6,197(3), and consequently a prerequisite to the validity of an arrest, is that the test must be performed in accordance with the procedures approved by the Department of Health and "by an individual possessing a valid permit issued by such department for such purpose," (emphasis supplied) § 60-6,201(3).
On direct examination at the revocation hearing, Forney testified as follows:
Q Are you certified in the administration of the intoxilyzer test?
A Yes.
Q When did you receive your certification, approximately?
A I believe it was approximately October of '93.
Q So you received your certification on the intoxilyzer before you received your certification as a law enforcement officer?
A Yes.
Q And what type of intoxilyzer are you certified to administer?
A Intoxilyzer 4011 AS.
*475 Thus, on direct examination, Forney failed to testify that she held a valid permit issued by the Department of Health, so as to prove the truth of the assertion in her sworn report that McGuire was validly arrested. However, it is McGuire's burden to disprove the truth of Forney's sworn report, not the department's burden to prove its truth. See McPherrin v. Conrad, 248 Neb. 561, 537 N.W.2d 498 (1995).
McGuire met his burden when on crossexamination Forney testified as follows: "Q And you testified that you are certified in the operation of the machine, is that correct? A Yes. Q And that's all you have is a certification? A Yes." (Emphasis supplied.)
Both § 60-6,201(3) and Department of Health regulations require that an individual administering a blood, breath, or urine test must possess a "permit," not merely a certificate or certification, in order for such test to be considered valid. Thus, Forney's testimony that she was certified to operate the Intoxilyzer, and only certified to operate the Intoxilyzer, establishes that she was without a valid permit issued by the Department of Health for the purpose of testing blood, breath, and urine under § 60-6,197.
Having a certification is not the same thing as holding a valid permit. In order for this court to uphold the revocation of McGuire's driver's license on the basis of the record before us would require our holding that having certification and holding a valid permit are one and the same. No reasonable inference can be drawn from the testimony adduced at the hearing that Forney held a valid permit to do all the things associated with the collection and testing of blood, breath, and urine under § 60-6,197 when her own unambiguous testimony established that she was only certified to operate the Intoxilyzer. If Forney was indeed confused, it was the department's responsibility to make the proper record for review. It is not the province of this court to supply testimony which is plainly not in the record.

CONCLUSION
The decision of the district court is not supported by competent evidence. In order for McGuire to be validly arrested so as to subject him to the revocation of his driver's license, a valid breath test must indicate the presence of alcohol in excess of the statutory maximum. For a breath test to be valid, it must be performed by an individual in possession of a valid permit issued by the Department of Health. The department's own witness testified that she was only certified to operate an Intoxilyzer. As such, a valid breath test is not in evidence on the record before this court indicating that McGuire exhibited the presence of alcohol in excess of the statutory maximum. We, therefore, reverse the judgment of the district court and remanded the cause with directions to dismiss.
REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.
STEPHAN, Justice, dissenting.
I respectfully dissent.
In McPherrin v. Conrad, 248 Neb. 561, 537 N.W.2d 498 (1995), and, subsequently, in State v. Young, 249 Neb. 539, 544 N.W.2d 808 (1996), we addressed the role of the sworn report of the arresting officer in administrative revocation proceedings conducted by the Department of Motor Vehicles and concluded that, in such proceedings, the State establishes its prima facie case for license revocation by submitting the arresting officer's sworn report. We also held that the director of the department is not required to prove that the recitations contained in the sworn report are true; instead, following the admission of the sworn report, the burden of proof rests solely with the motorist, who must show by a preponderance of the evidence that the requirements for an administrative license revocation were not satisfied.
I disagree with the conclusion of the majority that McGuire met his burden of proving that the arresting officer lacked the requisite permit from the Department of Health to administer the breath test which established McGuire's blood alcohol content. It is important to note that during the hearing, McGuire did not specifically contend that the officer lacked this permit. McGuire's counsel generally contended that there had not *476 been compliance with statutory and regulatory requirements with respect to the breath test, but when asked by the hearing officer to be more specific, he responded: "I'm not going to disclose that at this time. I'll do that in the District Court."
During her direct examination, the arresting officer gave an affirmative response when asked if she was "certified in the administration of the intoxilyzer test." During crossexamination on the same topic, she gave an affirmative response to the question, "And that's all you have is a certification?" She was never specifically asked, either on direct examination or cross-examination, whether she possessed a "valid permit" issued by the Department of Health authorizing her to administer the test.
In my view, this testimony does not prove that the officer lacked the permit, as the majority concludes. There is no evidence in the record establishing that being certified to administer the test is different from holding a valid permit to do so. Thus, a reasonable inference can be drawn that the officer understood "certification" to be synonymous with "permit" in the context of the questions she was asked. McGuire's brief cross-examination on this subject may have raised some degree of doubt as to whether the officer held the permit, but in my view it did not establish by a preponderance of the evidence that she did not. At most, the officer's testimony created ambiguity on this point, which could have been easily resolved if McGuire had asked the officer whether she had the permit. McGuire did not ask that question or produce any other evidence showing that the officer lacked the permit.
The majority concludes that "[i]f [the arresting officer] was indeed confused, it was the department's responsibility to make the proper record for review." This statement seems contrary to our reasoning in McPherrin and Young in that it suggests that the State bears the burden of proving the truth of the matters contained in the officer's sworn report, when in fact it is the burden of the motorist to disprove such matters. Clearly, the officer should have been asked whether her "certification" to administer the test included a valid permit issued by the Department of Health. Any doubt or confusion resulting from the failure to ask this question should, in my opinion, be resolved against McGuire as the party who had the burden of proving that the officer lacked the permit.
For these reasons, I do not regard the evidence adduced by McGuire to be sufficient to meet his burden of proving that the test results and his arrest were invalid. As I view the record, McGuire did not rebut the department's prima facie case showing that his operator's license should be administratively revoked, and there is competent evidence to support the administrative action taken by the department. I would, therefore, affirm the judgment of the district court.
WRIGHT and CONNOLLY, JJ., join in this dissent.