GAYLE A. DAVIS, APPELLANT, V. EDWARD D. WIMES, DIRECTOR OF NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLEE.

641 N.W.2d 37

Filed March 29, 2002.    No. S-00-284.

David E. Veath for appellant.

Don Stenberg, Attorney General, and, on brief, Kyle C. Dahl for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Gayle A. Davis appeals from an order of the district court for Sheridan County affirming the decision and order of revocation entered by the director of the Nebraska Department of Motor Vehicles following an administrative license revocation hearing. We affirm the district court.

## BACKGROUND

On November 22, 1998, State Patrol Trooper Clint W. Bruhn was dispatched to the scene of a reported car accident in Sheridan County. Upon arriving at the scene of the one-car accident, Bruhn contacted Davis, who was the driver of the vehicle. Bruhn was able to detect the smell of alcohol on Davis' breath and asked Davis to perform field sobriety tests. Davis did not satisfactorily complete the tests, and she also failed a preliminary breath test performed at the scene.

Davis was arrested pursuant to Neb. Rev. Stat. § 60-6,196 (Reissue 1998) and was read a postarrest chemical test advisement form. This form informed Davis that she was required to submit to a chemical test of her blood, breath, or urine and that "[r]efusal to submit to such test or tests is a separate crime for which you may be charged." Davis agreed to submit to the chemical test, and the test results indicated an alcohol concentration of 0.228 grams per 210 liters of breath.

Davis subsequently petitioned for a hearing before the director of the department to contest the revocation of her driver's license. Davis was notified that the hearing would be held on December 15, 1998, and would be conducted using teleconference hearing procedures. The hearing was later continued to January 4, 1999, on Davis' motion. Once again, Davis was notified that the January 4 hearing would be held using teleconference hearing procedures.

At the outset of the hearing, the hearing officer acknowledged on the record that Davis and Bruhn were participating in the hearing by telephone, although the record does not conclusively reflect the location of the participants. After several exhibits were received into evidence, but before any testimony was received, Davis objected to the "telephonic nature" of the

hearing. Davis argued that the hearing was required to be conducted by videoconference if technically feasible to do so and that Davis "believe[d]" several sites in the area offered such technical capabilities.

During her cross-examination of Bruhn, Davis also objected to the offer of the department's "Notice/Sworn Report/Temporary License" (sworn report), which contained the results of the chemical test. Bruhn testified that he did not know if the individual who administered the test to Davis possessed a valid permit to administer the test under the Nebraska Department of Health and Human Services Regulation and Licensure rules and regulations. Davis' objection was overruled, and the sworn report was received into evidence.

Following the hearing, Davis' driver's license was revoked by the director. Davis timely appealed the revocation to the district court. The district court affirmed the revocation, and this appeal followed.

## ASSIGNMENTS OF ERROR

Davis assigns, rephrased, that the district court erred in (1) finding that her license revocation hearing was held in accordance with Neb. Rev. Stat. § 60-6,205(6)(a) (Reissue 1998); (2) finding that her license revocation hearing was held in accordance with Neb. Rev. Stat. § 84-913.03 (Reissue 1999); (3) finding that the department established sufficient foundation to receive the sworn report into evidence; and (4) finding that the postarrest advisement form provided sufficient notice of the consequences of failing the chemical test.

## STANDARD OF REVIEW

A judgment or final order entered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Father Flanagan's Boys' Home v. Agnew*, 256 Neb. 394, 590 N.W.2d 688 (1999). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

■ Interpretation of statutes presents a question of law, and an appellate court is obligated to reach an independent conclusion, irrespective of the decision made by the court below, with deference to an agency's interpretation of its own regulations, unless plainly erroneous or inconsistent. *Vinci v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 423, 571 N.W.2d 53 (1997).

## ANALYSIS

### LOCATION OF HEARING

Davis argues that her license revocation hearing was not held in accordance with § 60-6,205(6)(a), which provides in pertinent part: "The hearing shall be conducted in the county in which the arrest occurred or in any other county agreed to by the parties." The record before us does not conclusively establish the location of the hearing officer, Davis, or Bruhn at Davis' license revocation hearing.

The above-quoted portion of § 60-6,205(6)(a) was the subject of our decision in *Muir v. Nebraska Dept. of Motor Vehicles*, 260 Neb. 450, 618 N.W.2d 444 (2000). In that case, we held that § 60-6,205(6)(a) is a venue statute and that generalized objections directed to the method by which the hearing was being held were not objections to venue. See, also, *Reiter v. Wimes, ante* p. 277, 640 N.W.2d 19 (2002).

At the outset of her hearing, Davis objected to "the proceedings by way of telephone conference" and to "the telephonic nature of this hearing." These objections did not address the location or venue of the hearing, as required by *Muir*, but, rather, the method of the hearing. Davis' improper objections and subsequent participation in the hearing without objecting to the hearing location constituted a waiver of any objection she may have had. See *Muir v. Nebraska Dept. of Motor Vehicles, supra*. Accordingly, this assignment of error is without merit.

### § 84-913.03

Davis argues that if a hearing is held by teleconference pursuant to § 84-913.03, the hearing officer must first find that it is not technically feasible to hold the hearing using videoconference hearing procedures. Section 84-913.03 provides:

The hearing officer may conduct all or part of the pre-hearing conference and the hearing by telephone, television, or other electronic means if each participant in the conference or hearing has an opportunity to participate in, to hear, and, if technically feasible, to see the entire proceeding while it is taking place.

■ A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal. *Hawkins v. City of Omaha*, 261 Neb. 943, 627 N.W.2d 118 (2001). Davis was notified well in advance that her hearing would be conducted by telephone, providing her with ample opportunity to request that the department conduct her hearing via videoconference. However, the record contains no evidence that Davis ever made such a request or ever objected to the use of the teleconference hearing procedures until after the hearing began. Thus, Davis has waived her right to assert this alleged error on appeal.

### Sworn Report

In her third assignment of error, Davis argues the sworn report should not have been received into evidence because of a lack of foundation for the chemical test result reported on the sworn report. Davis claims that *McGuire v. Department of Motor Vehicles*, 253 Neb. 92, 568 N.W.2d 471 (1997), stands for the proposition that a minimal amount of foundation must be made so as to reasonably confirm that the chemical tests have been conducted in accordance with the Nebraska Department of Health and Human Services Regulation and Licensure rules and regulations, 177 Neb. Admin. Code, ch. 1, §§ 001 through 010 (1998).

We have held that the department makes a prima facie case once it establishes that the arresting officer provided his or her sworn report to the director containing the required recitations. *McGuire v. Department of Motor Vehicles, supra*; *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995). Thereafter, the burden is on the defendant to prove that one or more of the recitations on the sworn report were false. *Id.*

In her brief, Davis characterizes the issue as one of foundation for the sworn report. In his argument at the conclusion of the license revocation hearing, Davis' counsel stated, "There's nothing [in the sworn report] that says that . . . the test was done

in compliance with Title 177," and "we believe we've met the sufficient rebuttal and did so by a preponderance of the evidence and as a result she should not have her license revoked."

In *McGuire v. Department of Motor Vehicles, supra,* we held that the defendant met his burden of disproving the truth of the sworn report when he elicited testimony that the arresting officer did not have the required permit to conduct the chemical test. No such evidence was adduced by Davis. At the license revocation hearing, Davis' arresting officer testified that he did not know if the individual who administered the chemical test to Davis possessed a valid permit to conduct such a test, in accordance with the Nebraska Department of Health and Human Services Regulation and Licensure rules and regulations. Rather than disproving the contents of the sworn report, Davis merely proved that a possibility existed that the contents of the sworn report were not true. Davis did not carry her burden of rebutting the department's prima facie case, and the district court did not err in affirming on this ground.

POSTARREST ADVISEMENT FORM

In her final assignment of error, Davis argues that the advisement form is deficient because it did not inform her that refusing to submit to the chemical test subjected her to license revocation procedures under Neb. Rev. Stat. § 60-6,197(4) (Reissue 1998). She argues that "the spirit of Smith [*v. State,* 248 Neb. 360, 535 N.W.2d 694 (1995)] and its progeny and fundamental fairness" require that additional notice of the license revocation procedures be given. Brief for appellant at 19.

In *Smith v. State,* 248 Neb. 360, 535 N.W.2d 694 (1995), we affirmed a district court's order finding that the defendant was not fully advised of the consequences of submitting to a chemical test as required by § 60-6,197(10) (Reissue 1993). At the time *Smith* was decided, § 60-6,197(10) read as follows:

Any person who is required to submit to a preliminary breath test or to a chemical blood, breath, or urine test or tests pursuant to this section shall be advised of (a) the consequences of refusing to submit to such test or tests and (b) the consequences if he or she submits to such test and the test discloses the presence of a concentration of alcohol in

violation of subsection (1) of section 60-6,196. Refusal to submit to such test or tests shall be admissible in any action for a violation of section 60-6,196 or a city or village ordinance enacted pursuant to such section.

This section was amended by the Legislature in 1996 with the enactment of L.B. 939. Since February 27, 1996, and thus at the time of Davis' arrest, § 60-6,197(10) (Reissue 1998) has stated that "[a]ny person who is required to submit to a chemical blood, breath, or urine test or tests pursuant to this section shall be advised that refusal to submit to such test or tests is a separate crime for which the person may be charged." This case provides us with our first opportunity to measure the sufficiency of an advisement form against the current language of § 60-6,197(10).

When *Smith v. State, supra,* was decided, § 60-6,197(10) required that an arresting officer advise a person of the "consequences" of their decision to submit to a test. Our holding in *Smith* was based on the fact that the advisement form read to the defendant did inform him of *some* of the consequences of his decision, but did not inform him of *all* the consequences of his decision. For that reason, the defendant was not properly advised, and the decision to revoke his license was reversed.

With the enactment of the current version of § 60-6,197(10), the Legislature has essentially determined that an individual must be advised of only one of the consequences of their decision to submit to a chemical test, i.e., that refusal to submit to the test is a crime for which they may be charged. That is exactly what Davis was advised of. We find no error where the arresting officer complied with the exact requirement of the statute.

## CONCLUSION

Finding no errors on the record before us, we affirm the decision of the district court affirming the order of revocation of the Nebraska Department of Motor Vehicles.

AFFIRMED.