STATE OF NEBRASKA, APPELLEE, V.
JIM R. TURNER, APPELLANT.
644 N.W.2d 147

Filed May 17, 2002.   No. S-01-707.

David E. Veath for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Jim R. Turner, was convicted in county court for driving under the influence of alcohol, refusing to submit to a chemical test, and refusing to submit to a preliminary breath test for alcohol. The district court affirmed. On appeal, he argues that Neb. Rev. Stat. § 60-6,197(10) (Reissue 1998) is unconstitutional because the advisement by the arresting officer was inadequate and violated his right to due process. Under § 60-6,197(10), the arresting officer was required to advise Turner that a refusal to

submit to a chemical test is a separate crime for which he could be charged. Turner was so advised. We affirm.

## BACKGROUND

On March 7, 1999, Stanley Osterhoudt, the Johnson County sheriff, received a dispatch about an incident which occurred in Cook, Nebraska. Osterhoudt was told that a man was lying in the street and that two people involved in the incident had left in a 1980 blue Chevrolet pickup truck with county plates numbered 64. As Osterhoudt drove toward Cook, he observed a truck matching that description.

Osterhoudt stopped the truck and identified the driver as Turner, observing that Turner's eyes were bloodshot and watery. He also detected an odor of alcohol coming from the truck.

Osterhoudt asked Turner to exit the truck and observed him stagger and sway as he got out of the truck. He handcuffed Turner and placed him in his patrol vehicle. He asked Turner about the incident in Cook, and Turner replied that he did not know about the incident. Osterhoudt observed that Turner's speech was slurred and delayed. He also noticed a strong odor of alcohol emanating from Turner.

Turner refused to submit to field sobriety tests and a preliminary breath test. Osterhoudt testified that he believed Turner was under the influence of alcohol. He testified that he then placed Turner under arrest and read him a postarrest chemical test advisement form. The advisement form stated that refusal to submit to a chemical test is a separate crime for which the suspect may be charged. Turner refused to submit to a chemical test.

Turner was charged with driving under the influence of alcohol, refusing to submit to a chemical test, and refusing to submit to a preliminary breath test for alcohol. Before trial, he filed a plea in abatement alleging that he was arrested and then refused a chemical test. Without being specific, he contended that the postarrest advisement was constitutionally infirm. Turner then filed a motion to quash, alleging that the advisement was a misrepresentation. He also filed a demurrer and a motion to suppress the chemical test.

Regarding the advisement, the county court addressed only due process considerations and overruled the plea in abatement,

motion to quash, demurrer, and motion to suppress the chemical test results. The county court concluded that there was no constitutional right to refuse to submit to a chemical test or to be warned that a refusal could be used against the driver at trial. The court determined that any right to be warned of the consequences of a refusal was purely statutory. The court further concluded that an amendment to § 60-6,197(10) removed the need to advise a driver of the consequences for refusing to submit to a chemical test.

Turner next filed a second motion to suppress, alleging that the sheriff unconstitutionally stopped him. The motion was overruled. At the start of trial, Turner objected to the proceedings based on those asserted in his previous motions. The county court overruled the objection. During trial, Turner moved for a directed verdict at the end of the State's case. Turner then testified and did not renew his motion for a directed verdict. The county court found Turner guilty on all counts.

The district court affirmed. The district court addressed only due process concerns regarding the advisement and agreed with the conclusions of the county court. Additionally, the district court factually found that Turner had been arrested before he was read the advisement. The court concluded that the sheriff had reasonable suspicion to stop Turner and request a preliminary breath test. The court also determined that there was sufficient evidence to convict him. Turner appeals.

## ASSIGNMENTS OF ERROR

Turner assigns, rephrased, that the county court erred in (1) determining that the advisement was constitutional and overruling his plea in abatement, motion to quash, demurrer, motion to suppress chemical test results, and objection at the start of trial; (2) overruling his second motion to suppress; (3) finding that he had been arrested before being read the postarrest advisement; (4) determining that the sheriff lawfully requested a preliminary breath test; and (5) determining there was sufficient evidence to convict him and overruling his motion for a directed verdict.

## STANDARD OF REVIEW

Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach

a conclusion independent of the decision reached by the trial court. *State v. Hynek, ante* p. 310, 640 N.W.2d 1 (2002).

## ANALYSIS

Turner contends that the postarrest advisement he was given was inadequate and violated his right to due process. Turner argues that the advisement fails to specifically state whether the suspect will actually be charged. He also argues that the advisement fails to advise of any civil penalties that may occur as a result of the refusal to submit to a chemical test.

Section 60-6,197(1) provides:

> Any person who operates or has in his or her actual physical control a motor vehicle in this state shall be deemed to have given his or her consent to submit to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the concentration of alcohol or the presence of drugs in such blood, breath, or urine.

Under § 60-6,197(2), an officer may require a chemical test when he or she has reasonable grounds to believe that a defendant was driving under the influence of alcohol. Section 60-6,197(10) provides: "Any person who is required to submit to a chemical blood, breath, or urine test or tests pursuant to this section shall be advised that refusal to submit to such test or tests is a separate crime for which the person may be charged."

We have held that the giving of a sample under § 60-6,197 does not involve a question of involuntariness, want of due process, or self-incrimination. See *State v. Williams*, 189 Neb. 127, 201 N.W.2d 241 (1972). Thus, a suspect's right to refuse a chemical test is a matter governed purely by statute. See *South Dakota v. Neville*, 459 U.S. 553, 103 S. Ct. 916, 74 L. Ed. 2d 748 (1983). Accordingly, we address the question whether the advisement was adequate under § 60-6,197(10).

An earlier version of § 60-6,197(10) required that a suspect be advised of the "consequences" of refusing to submit to a chemical test. See § 60-6,197(10) (Reissue 1993). Applying the 1993 version of § 60-6,197(10), we held that a suspect must be advised of the civil penalties that could apply if he or she refused to submit to a chemical test. See *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995). The current version, however, requires only

that a suspect be advised that "refusal to submit to such test or tests is a separate crime for which the person may be charged." We recently held that under the current version of § 60-6,197(10), a defendant need not be advised of any additional consequences of a refusal to submit to a chemical test. *Davis v. Wimes, ante* p. 504, 641 N.W.2d 37 (2002).

Under § 60-6,197(10), Osterhoudt was required to advise Turner only that a refusal to submit to a chemical test was a separate crime for which Turner could be charged. That is exactly what Turner was advised of. The advisement was adequate, and Turner was not denied due process.

Turner next argues that § 60-6,197(10) is vague and overbroad. Turner, however, did not specifically present this issue in his pleading to the county or district courts. Additionally, both courts considered only issues of due process raised by Turner.

A constitutional issue that has not been presented to or passed upon by the trial court is not appropriate for consideration on appeal. *State v. Bainbridge*, 249 Neb. 260, 543 N.W.2d 154 (1996). Because the trial court did not pass on the issue of the facial validity of § 60-6,197, we do not address the issue on appeal.

Finally, Turner raises several additional assignments of error. We have reviewed the remaining assignments of error and determine that they are without merit. Accordingly, we affirm.

AFFIRMED.