THOMAS E. FEDDERSEN, APPELLEE, v. BEVERLY NETH,
DIRECTOR, DEPARTMENT OF MOTOR VEHICLES OF
THE STATE OF NEBRASKA, APPELLANT.
656 N.W.2d 641

Filed February 18, 2003.   No. A-01-909.

Don Stenberg, Attorney General, and Hobert B. Rupe for appellant.

Greg C. Harris for appellee.

SIEVERS, INBODY, and MOORE, Judges.

MOORE, Judge.

## INTRODUCTION

Beverly Neth, the director of the Nebraska Department of Motor Vehicles (Department), appeals from an order of the district court for Buffalo County that reversed the Department's revocation of Thomas E. Feddersen's driver's license. The district court's reversal was based on the conclusion that there was

insufficient evidence to establish probable cause and insufficient evidence to show that Feddersen was advised of the consequences for failing to submit to the chemical test. For the reasons set forth herein, we reverse, and remand with directions.

## STATEMENT OF FACTS

After being arrested for operating a motor vehicle while under the influence of alcoholic liquor or drugs, Feddersen filed a petition for an administrative hearing that was held on April 18, 2001. At the hearing, Trooper Lynn Naber of the Nebraska State Patrol testified that on the evening of February 21, he was dispatched to watch for a particular vehicle that was reportedly traveling westbound on Interstate 80 and weaving between the driving lanes. Naber responded to the dispatch and subsequently caught up with the described vehicle on Interstate 80 approximately 6 miles east of Kearney. Naber testified that he followed the vehicle for approximately one-half mile, observed the right tires of the vehicle cross the fog lines on the highway onto the shoulder of the road and come back into the driving lane, and then observed the left tires cross over the centerline of the highway and then move back into the driving lane. Naber activated the red lights on his patrol car to stop the vehicle; however, the vehicle traveled approximately 3 miles before it pulled off and exited at the Kearney interchange.

Naber testified that once the vehicle stopped, he approached the vehicle, obtained Feddersen's driver's license, and informed him of the reason for the stop. Naber then requested Feddersen to accompany Naber to his patrol car, at which time Naber detected the odor of alcohol on Feddersen's breath.

Initially, Naber requested Feddersen to perform one field sobriety test, the walk-and-turn test, outside of the car. Naber testified that he demonstrated for Feddersen how to perform the test and that Feddersen indicated he understood it. Naber testified that Feddersen was "unsteady" in his walking and that none of Feddersen's steps were heel to toe but that Feddersen did walk the correct number of steps. Naber refrained from having Feddersen perform any further tests outside of the car because they were located on the off ramp of the Interstate with other vehicles exiting the Interstate and because it was windy that evening. After performing the walk-and-turn test, Naber asked Feddersen for a

preliminary breath test that resulted in a positive reading for the presence of alcohol. Naber then advised Feddersen that he was under arrest and transported him to Good Samaritan Hospital for a blood test. Naber stated that after they arrived at the hospital, he requested a certified person to draw blood and then read the postarrest chemical test advisement form to Feddersen. Naber testified that Feddersen signed the form and wrote in the date and time. Once the laboratory technician arrived and confirmed she was certified to draw blood for blood alcohol, Naber directed her to draw blood from Feddersen, but Feddersen refused to submit to the test. Naber then crossed out Feddersen's signature on the advisement form, wrote " 'Refused' " thereon, and had the laboratory technician witness the form. The advisement form was not made part of the record, nor did Naber testify as to what was allegedly read to Feddersen from the form. Finally, Naber stated that he completed the sworn report and sent it to the Department, which report was received in evidence at the administrative hearing.

Following Naber's testimony at the administrative hearing, Feddersen testified that the events that occurred on the evening of February 21, 2001, as described by Naber were "pretty much just the way it was," with the exception that Feddersen testified that he had no recollection of Naber's reading him any documents or Feddersen's signing anything. Feddersen further denied that he was ever advised that a refusal to submit to the chemical test would result in him being charged with a separate crime.

On April 19, 2001, the Department ordered that Feddersen's driver's license be revoked effective April 7, 2001, for the statutory period of 1 year because of a prior conviction for driving under the influence of alcohol. Feddersen appealed the Department's order to the Buffalo County District Court, wherein the court found there was insufficient evidence to establish probable cause that Feddersen was operating or in the actual physical control of a motor vehicle in violation of Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2000) or that Feddersen was advised of the consequences for failing to submit to the blood test. Thus, the district court ordered the reinstatement of Feddersen's driver's license and privileges. Following the district court's reversal of the revocation of Feddersen's driver's license, the Department timely filed this appeal.

## ASSIGNMENTS OF ERROR

The Department asserts, restated, that the district court erred in ignoring the sworn report which established a prima facie case against Feddersen, because the report contained sufficient recitations to demonstrate probable cause to arrest Feddersen, and that the district court failed to place the burden of proof on Feddersen to show that those recitations were false. The Department also contends that the district court erred by considering the issue of whether the arresting officer read the postarrest chemical test advisement to Feddersen.

## STANDARD OF REVIEW

Under the Administrative Procedure Act (APA), the district court reviews an appeal without a jury de novo on the record of the agency. Neb. Rev. Stat. § 84-917(5)(a) (Reissue 1999); *City of Lincoln v. Nebraska Liquor Control Comm.*, 261 Neb. 783, 626 N.W.2d 518 (2001).

A judgment or final order entered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* Whether a decision conforms to the law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Id.*

## ANALYSIS

*Prima Facie Case.*

The Department first asserts that the district court erred in ignoring the sworn report which established a prima facie case against Feddersen, because the report contained sufficient recitations to demonstrate probable cause to arrest Feddersen, and that the district court failed to place the burden of proof on Feddersen to show that those recitations were false.

As a general rule, the offer by the Department of the sworn report at the hearing establishes the Department's prima

facie case and the burden shifts to the driver to refute such evidence. *Morrissey v. Department of Motor Vehicles, supra.* See *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995). The rule presupposes a proper report, that is, a sworn report which comports with statutes and the relevant administrative rules and regulations. *Morrissey v. Department of Motor Vehicles, supra.* The *Morrissey* court further noted, citing *McPherrin*, that the Department makes a prima facie case for revocation of a driver's license once it establishes that the arresting officer provided his or her sworn report containing the required recitations. The burden then shifts to the defendant to prove that one or more of the recitations in the sworn report are false. *Morrissey v. Department of Motor Vehicles, supra*; Neb. Rev. Stat. § 60-6,205(7) (Reissue 1998). Thus, *McPherrin* conveys a substantial procedural benefit upon the Department in an administrative license revocation proceeding. *Morrissey v. Department of Motor Vehicles, supra.*

In the instant case, Naber testified that he completed the original of the sworn report being offered in evidence, that he signed it in the presence of a notary, and that the copy of the report appeared to be an accurate copy of the original report. The report recites that Feddersen was validly arrested pursuant to Neb. Rev. Stat. § 60-6,197 (Cum. Supp. 2000) for the reasons that (1) Feddersen was driving on the shoulder of the road, (2) the preliminary breath test was positive for alcohol, and (3) there was an odor of alcohol on Feddersen's breath. Further, the report indicates that Feddersen refused to submit to a chemical test after he was requested to do so. Such recitations meet the statutory requirements of § 60-6,205, which in pertinent part require that the arresting peace officer forward to the director a sworn report stating that the person was validly arrested pursuant to § 60-6,197 and the reasons for such arrest. Thus, the sworn report, timely forwarded to the Department and received in evidence, established a prima facie case to revoke Feddersen's driver's license.

In an effort to rebut one or more of the recitations in the sworn report, Feddersen attacked two of the reasons that were listed for his arrest: that he was driving on the shoulder of the road and that there was an odor of alcohol on his breath. With regard to the first issue, the Nebraska Supreme Court has stated in *State v. Thomte*, 226 Neb. 659, 413 N.W.2d 916 (1987), that a

vehicle weaving in its own lane of traffic provides an articulable basis or reasonable suspicion for stopping the vehicle for investigation regarding the driver's condition in operating the weaving vehicle. The *Thomte* court further stated that such a circumstance supports an officer's justifiable belief that the weaving vehicle is being driven by a person who is under the influence of alcohol. At the revocation hearing, Naber testified he had observed that "the right tires of [Feddersen's] vehicle went about a foot past the fog line onto the shoulder; the vehicle came back on the road in the driving lane; the left tires crossed over the center line without [Feddersen's] using his turn signal; [the vehicle] came back in the lane."

Despite Feddersen's testimony that he concurred with Naber's description of the events that occurred on February 21, 2001, Feddersen attempts to argue that driving on the shoulder of the road is not a "strong" indication of impairment. Feddersen also suggests that the windy weather that evening could have had an effect on Feddersen's driving patterns. However, Feddersen failed to offer any evidence in support of his argument or offer any evidence that would dispute Naber's observations of his driving patterns.

The next recitation in the sworn report that Feddersen attacks is the odor of alcoholic beverage on his breath. Feddersen failed to offer any evidence to rebut Naber's testimony that he smelled the odor of alcohol on Feddersen at the time of the traffic stop. Further, the result of the preliminary breath test revealed the presence of alcohol on Feddersen's breath.

Section 60,6-197(3) provides in relevant part:

> Any peace officer . . . may require any person who operates or has in his or her actual physical control a motor vehicle in this state to submit to a preliminary test of his or her breath for alcohol concentration *if the officer has reasonable grounds to believe that such person has alcohol in his or her body*, has committed a moving traffic violation, or has been involved in a traffic accident.

(Emphasis supplied.)

In addition, Nebraska case law holds that a preliminary breath test is admissible for the limited purpose of establishing probable cause. See, *State v. Baue*, 258 Neb. 968, 607 N.W.2d 191

(2000); *State v. Klingelhoefer*, 222 Neb. 219, 382 N.W.2d 366 (1986); *State v. Green*, 217 Neb. 70, 348 N.W.2d 429 (1984).

Again, while Feddersen attempts to challenge this reason, he offered no evidence to dispute that he had alcohol on his breath or to show that the preliminary breath test was inaccurate. Further, Feddersen failed to offer any evidence to dispute Naber's testimony that he had the proper permit to use the instrument utilized in administering the breath test or that the instrument was properly calibrated at the time of Feddersen's arrest.

The last issue Feddersen raised in his attempt to challenge the issue of probable cause is that Naber did not include in the sworn report as a reason for Feddersen's arrest that Naber detected impairment in Feddersen's performance of the walk-and-turn field sobriety test. When asked why Naber did not include this information on the sworn report, he stated that he did not list every reason on the report, providing the example that he did not include in the report that Feddersen crossed the centerline without signaling.

Section 60-6,205(3) provides in pertinent part: "The arresting peace officer shall within ten days forward to the director a sworn report stating (a) that the person was validly arrested pursuant to section 60-6,197 and *the reasons for such arrest . . .*" (Emphasis supplied.)

While § 60-6,205(3) plainly requires that the arresting police officer provide *reasons* for the arrest, the statute does not require a recitation of each and every reason in the sworn report. In the instant case, Naber listed three reasons as to why Feddersen was validly arrested. The fact that Naber did not include the walk-and-turn test as a reason for Feddersen's arrest does not diminish the prima facie case established by the sworn report because the three reasons provided by Naber were sufficient in establishing probable cause to arrest Feddersen.

Based on the foregoing, we conclude that the district court erred in finding that there was insufficient evidence to establish the necessary probable cause to revoke Feddersen's license. The sworn report was properly received in evidence by the hearing officer at the administrative hearing. Accordingly, the Department established a prima facie case for the revocation of Feddersen's driver's license, which case was not rebutted by Feddersen.

*Postarrest Chemical Test Advisement.*

The Department next alleges that the district court erred when it considered the issue of whether Naber read Feddersen the postarrest chemical test advisement. The district court found as one of its reasons to reverse the Department's revocation of Feddersen's driver's license that there was insufficient evidence that Feddersen was "advised of the repercussions for failing to submit to the chemical test." The Department argues that the Legislature eliminated the ability of a person subject to revocation to raise the issue of whether said person was advised of the consequences of refusing to submit to a chemical test. Rather, the Department asserts that the issues under dispute are now limited to the existence of probable cause and whether the person refused to submit to a test.

The Department relies upon § 60-6,205(6), which provides in relevant part:

(c) At hearing the issues under dispute shall be limited to:

(i) In the case of a refusal to submit to a chemical test of blood, breath, or urine:

(A) Did the peace officer have probable cause to believe the person was operating or in the actual physical control of a motor vehicle in violation of section 60-6,196 or a city or village ordinance enacted pursuant to such section; and

(B) Did the person refuse to submit to or fail to complete a chemical test after being requested to do so by the peace officer[.]

The section above resulted from amendments by the Legislature in 1996 with the enactment of L.B. 939. Prior to 1996, this section included as an issue under dispute at a revocation hearing whether the person was "advised of the consequences of refusing to submit to such test including that his or her operator's license would be immediately impounded and automatically revoked in thirty days." § 60-6,205(6)(c)(i)(C) (Reissue 1993). This portion of the statute was eliminated by virtue of the 1996 amendments. Similarly, 1996 Neb. Laws, L.B. 939, amended § 60-6,197(10) (Reissue 1993) to eliminate the necessity of advising a person of the consequences of refusing to submit to a preliminary breath test or chemical test prior to requiring a person to submit to such tests.

Recently, the Nebraska Supreme Court in *Davis v. Wimes*, 263 Neb. 504, 641 N.W.2d 37 (2002), summarized the relevant history in connection with the postarrest chemical test advisement. The *Davis* court noted the holding in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995), wherein the court affirmed a district court's order finding that the defendant was not fully advised of the consequences of submitting to a chemical test as required by § 60-6,197(10) (Reissue 1993). The *Davis* court noted that when *Smith v. State, supra*, was decided, § 60-6,197(10) required that an arresting officer advise a person of the "consequences" of their decision to submit to a test.

Section 60-6,197(10) (Cum. Supp. 2000) now requires that "[a]ny person who is required to submit to a chemical blood, breath, or urine test or tests pursuant to this section shall be advised that refusal to submit to such test or tests is a separate crime for which the person may be charged."

The *Davis* court recognized:

> With the enactment of the current version of § 60-6,197(10), the Legislature has essentially determined that an individual must be advised of only one of the consequences of their decision to submit to a chemical test, i.e., that refusal to submit to the test is a crime for which they may be charged.

263 Neb. at 510, 641 N.W.2d at 43.

In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *Id.* When §§ 60-6,197(10) (Cum. Supp. 2000) and 60-6,205(6)(c)(i) (Reissue 1998), both involving the submission of a person to a chemical test in the context of driving under the influence of alcohol, are read together, it is clear that a proper request by a police officer of a person to submit to a chemical test must include advising the person that refusal to submit to such test is a separate

crime for which the person may be charged. Accordingly, at a revocation hearing, the issue of whether a person refused to submit to a chemical test after being requested to do so necessarily includes consideration of whether the person was advised that refusal is a separate crime.

In reversing the Department's revocation of Feddersen's driver's license, the district court's use of the word "repercussions" is unclear. To the extent that the district court's finding is construed to mean that Feddersen was not advised of the "consequences" for failing to submit to a chemical test, the finding is clearly contrary to current law and in error. As stated previously, it is appropriate to consider at a revocation hearing the question of whether a person was advised that refusal to submit to a chemical test is a separate crime. Accordingly, we reverse, and remand this matter to the district court for a specific finding as to whether Feddersen was so advised.

## CONCLUSION

We conclude that the district court erred in finding that there was insufficient evidence to establish the necessary probable cause to arrest Feddersen for operating a motor vehicle while under the influence of alcoholic liquor or drugs. With regard to the district court's finding that Feddersen was not advised of the "repercussions" for failing to submit to the chemical test, we conclude that this was error under current law to the extent that the finding is interpreted to mean that Feddersen was not advised of the consequences of his failure to submit. We therefore reverse the judgment of the district court and remand this matter with directions to the district court for a finding with respect to whether Feddersen was advised that his refusal to submit to a chemical test is a separate crime, which we find is an appropriate issue under dispute at a revocation hearing.

REVERSED AND REMANDED WITH DIRECTIONS.