GREGORY D. SEARCEY, APPELLANT, V.
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLEE.
679 N.W.2d 242

Filed April 27, 2004.   No. A-03-019.

Stuart J. Dornan, on brief, and Michael Meckna, of Gallup & Schaefer, for appellant.

Jon Bruning, Attorney General, Charlotte Koranda, and, on brief, Hobert B. Rupe for appellee.

IRWIN, Chief Judge, and SIEVERS and CASSEL, Judges.

SIEVERS, Judge.

The district court for Douglas County, Nebraska, affirmed the ruling of the director of the Nebraska Department of Motor

Vehicles (DMV) that a continuance should be granted in an administrative license revocation (ALR) proceeding concerning Gregory D. Searcey. At the continued hearing, Searcey's motor vehicle operator's license was revoked, and he appeals, complaining that the district court's affirmance of the continuance was error.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2002, at 2:25 a.m., Omaha police officer Scott Gerald Shymkewicz stopped Searcey on 72d Street just south of 72d and Grover Streets for a traffic violation—turning through a red light. Officer Shymkewicz noticed that Searcey had bloodshot and glassy eyes, slurred speech, and an odor of alcohol on his breath. When asked whether he had had anything to drink, Searcey responded that he had not. Officer Shymkewicz had Searcey perform several field sobriety tests, and Searcey showed signs of impairment. Officer Shymkewicz placed Searcey under arrest for suspicion of driving under the influence of alcohol after a result of 0.147 grams of alcohol per 210 liters of breath on a preliminary breath test. Searcey was transported to central police headquarters, where he refused to submit to an Intoxilyzer test. Officer Shymkewicz completed a sworn report and filed it with the DMV. He read Searcey a verbal notice of motor vehicle operator's license revocation and gave him a copy of the notice.

A petition for an ALR hearing concerning Searcey was received by the DMV on March 12, 2002, and a hearing was scheduled for March 21. Officer Shymkewicz sent a fax dated March 16, 2002, to the DMV, stating that he was unavailable for the ALR hearing and that he hoped that it could be rescheduled. The fax was file stamped as received on March 18. An order to continue was entered by the director of the DMV. Searcey filed a motion to dismiss which was denied. On April 4, an ALR hearing to determine whether Searcey had refused to submit to a chemical test, in violation of Neb. Rev. Stat. § 60-6,197 (Cum. Supp. 2002), was held before a hearing officer of the DMV. The hearing officer recommended that Searcey's license be suspended for 1 year, and the director of the DMV entered such an order. Searcey appealed to the district court for Douglas County, which affirmed the director's decision. Searcey now appeals the district court's decision.

## ASSIGNMENT OF ERROR

Searcey alleges that the DMV's grant of a continuance was error because no good cause was shown in accordance with the regulations found in the Nebraska Administrative Code. We interpret this as a complaint that the district court should therefore not have affirmed the order of revocation.

## STANDARD OF REVIEW

Decisions of the director of the DMV, under Nebraska's administrative revocation statutes, are appealed under the Administrative Procedure Act (APA). *Reiter v. Wimes*, 263 Neb. 277, 640 N.W.2d 19 (2002). A final order rendered by a district court in a judicial review pursuant to the APA may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Reissue 1999); *Trackwell v. Nebraska Dept. of Admin. Servs.*, 8 Neb. App. 233, 591 N.W.2d 95 (1999). When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

Interpretation of statutes presents a question of law, and an appellate court is obligated to reach an independent conclusion, irrespective of the decision made by the court below, with deference to an agency's interpretation of its own regulations, unless plainly erroneous or inconsistent. *Morrissey v. Department of Motor Vehicles*, 264 Neb. 456, 647 N.W.2d 644 (2002).

## ANALYSIS

When a person is arrested pursuant to § 60-6,197 for failure to submit to a chemical test, the arresting officer shall take possession of that person's motor vehicle operator's license and issue a temporary operator's license valid for 30 days. See Neb. Rev. Stat. § 60-6,205(4) (Cum. Supp. 2002). The arrested person has 10 days from the date of the arrest to file a petition for a hearing. § 60-6,205(2). "The director shall conduct the hearing within twenty days after a petition is filed," but "[t]he filing of the petition shall not prevent the automatic revocation of the petitioner's operator's license at the expiration of the thirty-day period." § 60-6,205(6)(b). Furthermore, "[a] continuance of the hearing to

a date beyond the expiration of the temporary operator's license shall stay the expiration of the temporary license when the request for continuance is made by the director." *Id.*

■ The language of 247 Neb. Admin. Code, ch. 1, § 010.01 (2001), states that "[a]ny party desiring a continuance of the hearing shall request the same in writing," and 247 Neb. Admin. Code, ch. 1, § 002.06 (2001), defines such parties as "the [DMV]" and "the person who is alleged . . . to have refused to submit to a chemical test or to have submitted to a chemical test and failed." Clearly, Officer Shymkewicz is not a party and was therefore not the proper person to move for a continuance. However, the director of the DMV may properly request a continuance. See, § 60-6,205(6)(b); 247 Neb. Admin. Code, ch. 1, § 010.03 (2001). The DMV requested, as a practical matter, a continuance based on Officer Shymkewicz' unavailability. Had the director of the DMV not continued the hearing, the ALR proceeding would likely have been dismissed for the failure of Officer Shymkewicz to appear. See 247 Neb. Admin. Code, ch. 1, § 017.02 (2001) (failure of arresting officer to appear or be otherwise available for cross-examination shall be cause for dismissal).

■ The language of 247 Neb. Admin. Code, ch. 1, § 010 (2001), regarding continuances, states:

> **010.01 Motions.** Any party desiring a continuance of the hearing shall request the same in writing, stating the reasons for such request and, if required by the Director, submit proof of facts in support of such request in the time and manner specified. If a continuance is granted to either party, all persons who were served Notice of Hearing shall be notified of such continuance.
>
> . . . .
>
> **010.04 Good Cause.** Continuances shall be granted only upon good cause shown.
>
> **010.05 Content of Motion to Continue.** A timely request to change the hearing date or time must state all of the following to be considered:
>
> **010.05A** The reason for not being able to appear at the time or date scheduled; and
>
> **010.05B** Why that reason is beyond the requesting party's control; and

**010.05C** Any fact which establishes that the need to reschedule arose after the scheduling of the hearing; and

**010.05D** The resulting specific undue hardship which would result if the request were to be denied.

**010.06 Failure to File Timely Motion or to State Grounds.** Any motion for continuance which is untimely filed or which fails to state facts sufficient to make a reasoned decision shall be denied unless substantial injustice would result.

In the instant case, Officer Shymkewicz' fax stated: "I will not be able to attend the hearing set for 3:30 pm on March 21, 2002 concerning the driving privileges for Gregory D. Searcey. I hope the hearing can be rescheduled. If not, I apologize for any inconvenience." Given the skimpy nature of the facts set forth in Officer Shymkewicz' fax and the obvious lack of sufficient grounds as to why he was unable to attend the scheduled hearing, the director of the DMV should not have continued the hearing, as the director did not know whether Officer Shymkewicz was having major surgery or going fishing. Because the director relied solely on Officer Shymkewicz' absence in ordering a continuance, the requirements of § 010 must be satisfied by Officer Shymkewicz or, at least, by the director making a showing of record that the officer's absence falls within the regulations of § 010—without such a requirement, § 010 becomes meaningless. Consequently, the continuance should have been denied under § 010.06 unless a substantial injustice would have resulted. Therefore, to us, the question becomes whether a substantial injustice would have resulted in this case absent the continuance.

The purpose of the ALR statutes is stated in § 60-6,205(1) as follows:

Because persons who drive while under the influence of alcohol present a hazard to the health and safety of all persons using the highways, a procedure is needed for the swift and certain revocation of the operator's license of any person who has shown himself or herself to be a health and safety hazard (a) by driving with an excessive concentration of alcohol in his or her body or (b) by driving while under the influence of alcohol.

The burden of proof is on the State to make a prima facie case for license revocation before the director of the DMV. *State v. Hansen,* 249 Neb. 177, 542 N.W.2d 424 (1996). However, once an officer's sworn report is provided, the director's order of revocation has prima facie validity. *Id.* It is then presumed that the revocation will occur unless the offender establishes grounds for reversal by a preponderance of the evidence. *Id.* Officer Shymkewicz' sworn report is prima facie evidence that Searcey refused to submit to a chemical test and was driving under the influence of alcohol. To deny a continuance of 14 days in the instant case would have resulted in a substantial injustice because it would have put the health and safety of all persons using the highways at risk. Moreover, we find that Searcey was not prejudiced by the continuance, because he possessed a temporary license whose duration was extended pending the continuance—although the ALR hearing was held within the original 30-day temporary license period from when he was arrested. While the hearing on April 4, 2002, was held beyond the 20-day limit for a hearing after Searcey's request, see § 60-6,205(6)(b), such time limits are directory, not mandatory. See *Randall v. Dept. of Motor Vehicles,* 10 Neb. App. 469, 632 N.W.2d 799 (2001). The delay was minor in length, it did not cause Searcey substantial injustice, and the director of the DMV did not abuse her discretion by granting a continuance, during which Searcey retained his privilege to drive.

## CONCLUSION

For the reasons stated above, we affirm the decision of the district court.

AFFIRMED.

CASSEL, Judge, concurring.

I agree with that portion of the majority opinion which concludes that the showing of Officer Shymkewicz, the arresting officer, failed to comply with § 010 of the applicable regulations; however, I disagree with that portion which equates mere existence of Officer Shymkewicz' sworn report to a showing of "substantial injustice" under § 010.06. In my view, the same standard applies under the applicable regulation whether continuance is requested by the DMV or by the motorist. Treating mere existence of a sworn

report as a showing of "substantial injustice" would automatically support any continuance requested by the DMV. According a sworn report such weight also presumes that the motorist will not meet his or her "burden to establish by a preponderance of the evidence grounds upon which the operator's license revocation should not take effect." § 60-6,205(7).

The language of § 010.06, requiring denial of an insufficient motion for continuance "unless substantial injustice *would result*," uses the future tense. (Emphasis supplied.) Thus, a decision of the director of the DMV to grant or deny continuance must be viewed upon the record as it exists at the time the director rules upon the motion. Because no showing of substantial injustice appeared on the record before the director in the case at bar, I conclude that the director erred in granting the continuance. Based upon the candid response of the DMV's counsel at oral argument, I doubt that a motorist's motion for continuance with similar, insufficient content would receive such favorable consideration.

Nonetheless, because I agree with the majority's further explanation that Searcey was not prejudiced by the continuance, I conclude that such error was harmless. Before a state may deprive a motorist of his or her driver's license, that state must provide a forum for the determination of the question and a meaningful hearing appropriate to the nature of the case. *Marshall v. Wimes*, 261 Neb. 846, 626 N.W.2d 229 (2001) (citing *Bell v. Burson*, 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971)). In proceedings before an administrative agency or tribunal, procedural due process requires notice, identification of the accuser, factual basis for the accusation, reasonable time and opportunity to present evidence concerning the accusation, and a hearing before an impartial board. *Marshall v. Wimes, supra*. The record shows that the continued hearing provided such process in all respects and that the continuance imposed no disadvantage on Searcey other than the loss of a mere technical claim. While in my view, the continuance was erroneous, it did not affect a substantial right. Accordingly, I concur.